LOUIS J. McKENNA et al., Plaintiffs-Appellants, v. THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS et al., Defendants-Appellees.

First District (2nd Division)    No. 79-1850

Opinion filed November 25, 1980.

Baum, Sigman & Gold, Ltd., of Chicago (Bernard M. Baum and Elizabeth H. Seidman, of counsel), for appellants.

Follmer, West & Erdmann, of Champaign, for appellee University Civil Service Merit Board of the State Universities Civil Service System.

Robert H. Joyce and Edward J. Karlin, both of Chicago, and James J. Costello, of Urbana (Seyfarth, Shaw, Fairweather & Geraldson, of counsel), for appellees Board of Trustees of the University of Illinois and Donald Ward.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Four nonacademic employees at the University of Illinois Medical Center campus brought this action seeking declaratory and injunctive relief from their employer's redesignation of their wage rate classification. Defendants filed a section 45 motion to dismiss (Ill. Rev. Stat. 1977, ch. 110, par. 45), alleging plaintiffs failed to state a cause of action. After argument of counsel, the circuit court granted defendants' motion.

Plaintiffs ask this court to determine (1) whether the trial court erred when it ruled that the parties fell without the scope of "An Act in relation to the rate of pay for State employees who are not subject to the 'Personnel Code' " (Ill. Rev. Stat. 1975, ch. 127, par. 391) (the Pay Act); (2) whether it was error to rule that the University Civil Service System Act (Ill. Rev. Stat. 1975, ch. 24½, par. 38b1 *et seq.*) (the System Act) permitted the redesignation of plaintiffs' wage rate classification; (3) whether the redesignation of that classification violated a provision of the University's Policy and Rules—Non-Academic (Policy & Rules); (4) whether plaintiffs are bound by the terms of their collective bargaining agreement; and (5) whether plaintiffs failed to exhaust their administrative remedies.

The pleadings contain the following allegations. Plaintiffs Louis J. McKenna, Nick Krukoff, Dominic Cavaliere, and Charles Velkoborsky are employed as construction laborers by defendant Board of Trustees of the University of Illinois (the Trustees). The Trustees have direct responsibility for administration of nonacademic personnel including plaintiffs. This responsibility includes collective bargaining negotiation with employee group representatives. The results of any such negotiation are subject to approval by defendant Donald Ward, the director of personnel services at the university. The general terms and conditions of employment, however, are governed by the System Act. That act establishes defendant University Civil Service System Merit Board (the Merit Board). The recommendations of both the Trustees and Ward are subject to the Merit Board's approval.

On January 1, 1952, construction laborers were compensated according to the prevailing rate of wage paid to local private sector employees who were engaged in work of a similar character. Those employed as construction laborers at the Medical Center campus received wages ac-

cording to a prevailing rate tied to the wage scale contained in the collective bargaining agreement governing Local No. 6 of the International Hod Carriers and Building Construction Laborers Union. In 1965, the Merit Board redesignated construction laborers from "prevailing rate of wage" employees to negotiated rate of wage employees. University construction laborers, however, continued to receive a wage tied to the prevailing rate until sometime in late 1976 or early 1977. In April of 1977, plaintiffs' collective bargaining agreement effected a retroactive discontinuance of the compensation which paralleled the local union's agreement. The Merit Board thereafter approved a negotiated rate of pay. Wages under the negotiated rate were less than wages that would have been paid under the prevailing rate of wage. After plaintiffs were informed of the redesignation, they filed the instant complaint.

The first count of plaintiffs' complaint alleges defendants' approval of the lesser, negotiated wage violated the Policy & Rules, which prohibit elimination of established practices relating to conditions of employment. Count two alleges the Merit Board violated the System Act when it failed to notify plaintiffs of its redesignation of their wage classification. Count three claims the redesignation contravenes the System Act, while count four asserts defendants' payment of a negotiated rate of compensation is in violation of the Pay Act (Ill. Rev. Stat. 1975, ch. 127, par. 391).

The trial court granted defendants' motion to dismiss after it found as follows: that the System Act, but not the Pay Act, governs plaintiffs' employment by defendants; that plaintiffs had been prevailing rate of wage employees who were subject to the negotiation provisions of the System Act; that plaintiffs' terms and conditions of employment were changed by negotiation through their duly authorized bargaining agent; that plaintiffs were bound by that agent's acts; and finally, that plaintiffs failed to exhaust their administrative remedies.

I.

Plaintiffs first contend they are entitled to receive compensation according to the prevailing rate of wage because the Pay Act requires that result. That statute provides as follows:

"Whenever any State * * * authority * * * employs an individual in a * * * position of such a character as would be subject to rules or regulations of the Department of Personnel requiring the payment of the prevailing rate of wages to those holding such a position * * * if that employment were subject to the 'Personnel Code,' the State * * * authority shall pay that individual at the prevailing rate, notwithstanding the nonapplicability of the 'Personnel Code.'" (Ill. Rev. Stat. 1975, ch. 127, par. 391.)

It is uncontested that if plaintiffs were subject to the Personnel Code they would be compensated at the prevailing rate of wage. Section 4c(9) of the Personnel Code specifically exempts plaintiffs from its applicability. (Ill. Rev. Stat. 1977, ch. 127, par. 63b104c(9).) Plaintiffs argue that the Pay Act therefore mandates payment of them at the prevailing rate of wage. We disagree.

■■ The trial judge correctly ruled that the Pay Act does not apply to defendants. In *Decker v. University Civil Service System Merit Board* (1980), 85 Ill. App. 3d 208, 406 N.E.2d 173, the court considered arguments identical to those advanced here. That court held, in a well-reasoned opinion, the University of Illinois was not an agency of the State within the meaning of the Pay Act. (85 Ill. App. 3d 208, 213.) It also held application of the Pay Act to the university would impliedly repeal a provision of the System Act. Consistent interpretation of both statutes could be made only if the more general provisions of the Pay Act were held not to apply to the university. The court concluded that the provisions of the System Act governed University of Illinois nonacademic employees. (85 Ill. App. 3d 208, 214; see also *People ex rel. Board of Trustees v. Barrett* (1943), 382 Ill. 321, 343, 46 N.E.2d 951.) We adopt the rationale of *Decker* and, accordingly, hold the Pay Act does not apply to the instant parties. Plaintiffs' count four fails to state a cause of action.

## II.
### A.

Plaintiffs contend in the alternative that if the Pay Act is inapplicable, the System Act provides that "[t]he Merit Board shall direct the payment of the 'prevailing rate of wages' " to them. (Ill. Rev. Stat. 1975, ch. 24½, par. 38b3(3).) Plaintiffs argue that the language "shall direct" is mandatory and, thus, prohibits the Merit Board's redesignation of their wage status.

Defendants respond that the System Act grants the Merit Board authority to change rates and ranges of compensation; that plaintiffs agreed to change their compensation status through their collective bargaining agent; and that the resulting rate of compensation is binding upon plaintiffs.

■■ The System Act[1] provides that rates of compensation may be negotiated. Our reading of the statute is governed by the rule that "[i]n con-

---

[1] The System Act provides, *inter alia*, that the Merit Board shall have the power and duty:

"To prescribe the range of compensation for each class or to fix a single rate of compensation for employees in a particular class; and to establish other conditions of employment which an employer and employee representatives have agreed upon as fair and equitable. The Merit Board shall direct the payment of the 'prevailing rate of wages' in those classifications in which, on January 1, 1952, any employer is paying such prevailing rate and in such other classes as the Merit Board may

struing a statute where the same, or substantially the same, words or phrases appear in different parts of the same statute they will be given a generally accepted and consistent meaning, where the legislative intent is not clearly expressed to the contrary." (*Moran v. Katsinas* (1959), 16 Ill. 2d 169, 174, 157 N.E.2d 38; *Baker v. Salomon* (1975), 31 Ill. App. 3d 278, 281, 334 N.E.2d 313.) The word "rate" appears in different parts of the provision at issue without a clear expression of legislative intent to denote inconsistent meanings. We read the word "rate" as used in "prevailing rate of wages" consistently with its use in "rate of compensation." The plain meaning of the provision is that although the Merit Board must initially compensate certain employees at the prevailing rate of wages, subsequent negotiations on behalf of those employees are permitted.[2] Those negotiations can result in an agreed-to change in the rate of compensation. The negotiated rate of wages is then subject to Merit Board approval in accordance with procedural safeguards. After such approval, the System Act requirements are satisfied and the agreed-to compensation is proper.

## B.

■■ Count three of plaintiffs' complaint alleges defendants' redesignation of their wage status is violative of the System Act[3] and therefore ineffective. Our understanding of the plain meaning of the act compels rejection of this allegation, and we therefore hold that count three of plaintiffs' complaint fails to state a cause of action.

## III.

■■ The first count in plaintiffs' complaint alleges the Merit Board's redesignation of the construction laborers' compensation status violated

---

thereafter determine. 'Prevailing rate of wages' as used herein shall be the wages paid generally in the locality in which the work is being performed to employees engaged in work of a similar character. Each employer covered by the University System shall be authorized to negotiate with representatives of employees to determine appropriate ranges or rates of compensation or other conditions of employment and may recommend to the Merit Board for establishment the rates or ranges or other conditions of employment which the employer and employee representatives have agreed upon as fair and equitable. *Any rates* or ranges established prior to January 1, 1952, and hereafter, shall not be changed except in accordance with the procedures herein provided." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 24½, par. 38b3(3).)

[2] We note that even if the word "rate" were used inconsistently the System Act's negotiation provisions authorize change of conditions of employment. Employment as a prevailing rate of wages employee is but one condition of employment that may be changed pursuant to such negotiation. Accordingly, inconsistent denotations of "rate" would not alter our holding.

[3] The trial court also dismissed count two of the instant complaint which alleges defendants' failure to disclose the redesignation is violative of the System Act. Plaintiffs do not contest that dismissal here. Therefore, we do not address ourselves to it.

University Policy & Rules.[4] That count was properly dismissed. The Policy & Rules prohibit establishment of negotiated conditions of employment if the result is elimination of historically established customs or practices relating to conditions of employment. It also provides, however, that such customs or practices may be eliminated if specifically provided for otherwise. As discussed in section II above, the System Act provides for change in compensation rates where negotiation for, agreement on, and approval of such changes satisfy the act's requirements. Changes in compensation rates, by negotiation, are specifically provided for in the act and therefore permitted as being without the prohibition of the Policy & Rules. The trial court properly dismissed this count.

## IV.

The trial court ruled plaintiffs were bound by their collective bargaining agreement which provided for a negotiated compensation rate. On appeal plaintiffs contend the agreement is not binding because it deprives them of a statutory benefit. We have held above, however, that neither the Policy & Rules nor the acts cited to us establish a permanent, nonnegotiable entitlement to employment at the prevailing rate of wages. Thus, plaintiffs' collective agreement does not deprive them of a statutory benefit.

## V.

■■ The trial court also ruled plaintiffs failed to exhaust their administrative remedies. Defendants did not raise this issue in their motion to dismiss. Nevertheless, it is proper to dismiss an action, *sua sponte*, where a party fails to pursue, first, all administrative remedies available to him. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358, 326 N.E.2d 737.) Exceptions to the doctrine have been recognized: exhaustion is not required where a statute is attacked as unconstitutional, where irreparable harm will result from further pursuit of administrative remedies (see generally *Illinois Bell Telephone Co. v. Allphin*), where no question of fact is presented and agency expertise is not involved, or where pursuit of a remedy is futile. (See generally *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 550-51, 387 N.E.2d 258.) The instant issues are not dependent for their resolution upon questions of

---

[4] Chapter V, section 1d(3) of the Policy and Rules—Non-Academic, University of Illinois (1976), provides in part as follows:

"Nothing in these rules or in the provisions of the University Civil Service System of Illinois statute requiring University Civil Service System Merit Board 'establishment' of 'negotiated conditions of employment' will be construed to eliminate any existing historically established customs and practices relating to conditions of employment *unless specifically provided otherwise.*" (Emphasis added.)

fact. The issues presented are ones of statutory or rule interpretation. Plaintiffs' allegation of no chance of success before the Merit Board, when combined with the nature of the issues present, renders compliance with the exhaustion doctrine unnecessary. (See, *e.g., Landfill, Inc. v. Pollution Control Board; Illinois Bell Telephone Co. v. Allphin.*) The trial court had jurisdiction to hear plaintiffs' action. See also *Miller v. Department of Public Aid* (1979), 69 Ill. App. 3d 477, 483, 387 N.E.2d 810.

In accordance with the reasons expressed herein, we affirm the trial court's dismissal of plaintiffs' complaint for failure to state a cause of action.

Affirmed.

PERLIN, P. J., and STAMOS, J., concur.

