(No. 77536

# OFFICE OF THE COOK COUNTY STATE'S ATTORNEY, Appellant, v. THE ILLINOIS LOCAL LABOR RELATIONS BOARD *et al.*, Appellees.

*Opinion filed June 22, 1995.*

HARRISON, J., joined by FREEMAN, J., dissenting.

Nancy E. Bertoglio, John P. Morrison, and Edwin C. Thomas II, of Bell, Boyd & Lloyd, of Chicago, for appellant.

Roland W. Burris, Attorney General, of Springfield (Jacalyn J. Zimmerman, Special Assistant Attorney General, of Springfield, of counsel), for appellees Illinois Local Labor Relations Board and Illinois State Labor Relations Board.

Janet L. Adams and Collins P. Whitfield, of Collins P. Whitfield & Associates, Ltd., of Chicago, for appellee Prosecutors' Bar Association of Cook County.

Jacob Pomeranz, of Cornfield & Feldman, of Chicago, for appellee American Federation of State, County and Municipal Employees, Council 31.

Joel A. D'Alba, of Chicago (Asher, Gittler, Greenfield, Cohen & D'Alba, Ltd., of counsel), for *amicus curiae* Illinois Federation of Labor & Congress of Industrial Organizations.

JUSTICE MILLER delivered the opinion of the court:

The office of the Cook County State's Attorney

brought the present action in the circuit court of Cook County seeking a writ of prohibition and declaratory and injunctive relief. The State's Attorney sought to preclude further proceedings by either the Illinois State Labor Relations Board (State Board) or the Illinois Local Labor Relations Board (Local Board) on separate union representation/certification petitions submitted by the Prosecutors' Bar Association of Cook County and the American Federation of State, County and Municipal Employees, Council 31. The trial judge agreed with the State's Attorney that the Local Board did not have jurisdiction over the present matter. The trial judge denied the State's Attorney's remaining requests for relief, however, and refused to bar the State Board from proceeding with the representation petitions. We granted the State's Attorney's motion for a direct appeal to this court pursuant to Supreme Court Rule 302(b) (134 Ill. 2d R. 302(b)), and we now reverse that portion of the circuit court judgment allowing the representation petitions to proceed before the State Board.

The procedural history of this case may be stated briefly. In December 1993, the Prosecutors' Bar Association of Cook County filed a representation/certification petition with the Illinois Local Labor Relations Board, which has jurisdiction over collective-bargaining matters involving "units of local government with a population in excess of 1 million persons, but excluding the Regional Transportation Authority" (5 ILCS 315/5(b) (West 1992)). By its petition, the Prosecutors' Bar Association sought to represent certain nonsupervisory assistant State's Attorneys employed by the Cook County State's Attorney. The Local Board scheduled a hearing on the petition for February 17, 1994.

The office of the Cook County State's Attorney, through its incumbent, Jack O'Malley, instituted the

present action in the circuit court of Cook County on February 15, 1994. The State's Attorney requested a writ of prohibition and declaratory and injunctive relief, seeking on several grounds to preclude the Local Board from proceeding any further on the pending representation petition. The next day, February 16, the court ruled that the Local Board lacked jurisdiction over the State's Attorney, an elected State official, and enjoined the Local Board from conducting further proceedings on the representation petition. The State's Attorney was granted leave on March 10, 1994, to file an amended complaint, which added the Illinois State Labor Relations Board as a defendant. In general terms, the State Board has jurisdiction over collective-bargaining matters involving entities—including the State—that do not fall within the jurisdiction of the Local Board. 5 ILCS 315/5(a) (West 1992).

The two labor boards and the Prosecutors' Bar Association subsequently moved to dismiss the amended complaint. Later, the American Federation of State, County and Municipal Employees, Council 31 (AFSCME), was permitted to intervene as a defendant in the action. Like the Prosecutors' Bar Association, AFSCME was seeking to represent certain nonsupervisory assistant State's Attorneys employed by the Cook County State's Attorney.

Following the submission of briefs and the presentation of oral arguments by the parties, the trial court on May 17, 1994, granted the defendants' motions to dismiss the State's Attorney's amended complaint. The judge concluded that a number of factual questions remained for resolution and that the State's Attorney had therefore failed to exhaust his administrative remedies. The State's Attorney filed a timely notice of appeal from that ruling. The State's Attorney subsequently filed motions in this court seeking to stay further

proceedings before the State Board and requesting a direct appeal pursuant to Supreme Court Rule 302(b) (134 Ill. 2d R. 302(b)). We granted both motions and transferred jurisdiction from the appellate court to this court. We later granted leave to the Illinois Federation of Labor and Congress of Industrial Organizations to file a brief as *amicus curiae* in support of the defendants (134 Ill. 2d R. 345).

Before this court, the office of the Cook County State's Attorney raises two principal arguments in support of the contention that, as a matter of law, assistant State's Attorneys are not covered by the provisions of the Illinois Public Labor Relations Act (5 ILCS 315/1 through 27 (West 1992)). The State's Attorney first argues that the assistant State's Attorneys must be considered managerial employees as a matter of law and hence not subject to the Public Labor Relations Act, which excludes managerial employees from the class of employees who are entitled to engage in collective bargaining (5 ILCS 315/3(n), 6(a) (West 1992)). The State's Attorney notes that in two cases the appellate court has concluded that certain groups of attorneys are managerial employees and thus outside the coverage of the Labor Act. (*Chief Judge v. American Federation of State, County & Municipal Employees, Council 31* (1992), 229 Ill. App. 3d 180 (lawyers employed in office of Cook County public guardian); *Salaried Employees of North America v. Illinois Local Labor Relations Board* (1990), 202 Ill. App. 3d 1013 (lawyers employed in law department of City of Chicago).) The State's Attorney contends that the same result must be reached here, in light of the statutory duties of the State's Attorney's office and its assistants. The State's Attorney also argues that the special relationship between his office and the assistant State's Attorneys compels the conclusion that the legislature could not have intended for assistant State's

Attorneys to be included within the coverage of the Public Labor Relations Act. We agree with the State's Attorney's first argument, as we explain below, and therefore we have no occasion to address the second one.

The Illinois Public Labor Relations Act defines a "managerial employee" as:

> "an individual who is engaged predominantly in executive and management functions and is charged with the responsibility of directing the effectuation of such managerial policies and practices." 5 ILCS 315/3(j) (West 1992).

The authority to make independent decisions and the consequent alignment of the employee's interests with management's are hallmarks of managerial status for purposes of labor law. In a case involving university faculty members, the United States Supreme Court explained:

> "Managerial employees must exercise discretion within, or even independently of, established employer policy and must be aligned with management. *** [A]n employee may be excluded as managerial only if he represents management interests by taking or recommending discretionary actions that effectively control or implement employer policy." (*National Labor Relations Board v. Yeshiva University* (1980), 444 U.S. 672, 683, 63 L. Ed. 2d 115, 126, 100 S. Ct. 856, 862.)

The Court concluded that the faculty members at issue, unlike faculty members on other college campuses, were managerial employees because of their deep involvement in, and control over, administrative matters.

Moreover, it should be noted that "managerial status is not limited to those at the very highest level of the governmental entity, for it is enough if the functions performed by the employee sufficiently align him with management such that the employees 'should not be in a position requiring them to divide their loyalty to the administration *** with their loyalty to an exclusive collective-bargaining representative.' " *Salaried Em-*

*ployees of North America v. Illinois Local Labor Relations Board* (1990), 202 Ill. App. 3d 1013, 1021, quoting *Board of Regents of the Regency Universities System v. Illinois Educational Labor Relations Board* (1988), 166 Ill. App. 3d 730, 742-43.

Applying these considerations to the circumstances in this case, we believe that the assistant State's Attorneys must be regarded as managerial employees, as that term is defined in the Illinois Public Labor Relations Act, and thus not subject to the collective-bargaining provisions of the Act. A review of the statutory powers and duties of the State's Attorney, who is aided in the performance of his office by the assistant State's Attorneys (see 55 ILCS 5/4—2003 (West 1992)), and of the case law describing the position of assistant State's Attorney demonstrates that the assistants have a significant managerial role in carrying out the mission of the State's Attorney's office.

The State's Attorney is required, among other things:

> "(1) To commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned.
>
> (2) To prosecute all forfeited bonds and recognizances, and all actions and proceedings for the recovery of debts, revenues, moneys, fines, penalties and forfeitures accruing to the State or his county, or to any school district or road district in his county; also, to prosecute all suits in his county against railroad or transportation companies, which may be prosecuted in the name of the People of the State of Illinois.
>
> (3) To commence and prosecute all actions and proceedings brought by any county officer in his official capacity.
>
> (4) To defend all actions and proceedings brought against his county, or against any county or State officer, in his official capacity, within his county.

* * *

(7) To give his opinion, without fee or reward, to any county officer in his county, upon any question or law relating to any criminal or other matter, in which the people or the county may be concerned.

\* \* \*

(11) To perform such other and further duties as may, from time to time, be enjoined on him by law.

(12) To appear in all proceedings by collectors of taxes against delinquent taxpayers for judgments to sell real estate, and see that all the necessary preliminary steps have been legally taken to make the judgment legal and binding." 55 ILCS 5/3—9005(a)(1), (a)(2), (a)(3), (a)(4), (a)(7), (a)(10), (a)(11), (a)(12) (West 1992).

Assistant State's Attorneys are in essence surrogates for the State's Attorney in carrying out these multiplicitous duties. (See *McGrath v. Gillis* (7th Cir. 1995), 44 F.3d 567, 571.) This court long ago described the position of assistant State's Attorneys in the following terms:

"In our opinion the position \* \* \* is an office and not a mere employment. They exercise some portion of the sovereign power of the State. Their duties are not prescribed by contract or agreement, but by law. They are not engaged to perform a special act the completion of which ends their duty, but the duties of the position are continuous, without regard to the particular person who holds the office. We conclude that they are not mere agents to perform a particular act or duty, but are officers for the performance of the general duties of the office[ ] of State's attorney \* \* \*." (*People ex rel. Landers v. Toledo, St. Louis & Western R.R. Co.* (1915), 267 Ill. 142, 145-46.)

Indeed, "[a]ssistant State's Attorneys possess the power [of the State's Attorney] in the same manner and to the same effect as the State's Attorney." (*People v. Tobias* (1984), 125 Ill. App. 3d 234, 242.) Another court has observed:

"An Assistant State's Attorney is generally clothed with all the powers and privileges of the State's Attorney; and all acts done by him in that capacity must be regarded as if done by the State's Attorney himself. [Citation.]

*** We believe that the legislative purpose in creating the office of Assistant State's Attorney [citation], was to provide an official who should have full power to act in the case of the absence or sickness of the State's Attorney, or in the case of his being otherwise engaged in the discharge of the duties of office, in the same manner and to the same extent that the State's Attorney could act ***." *People v. Nahas* (1973), 9 Ill. App. 3d 570, 575-76.

In that role, an assistant State's Attorney is therefore called upon to take numerous "discretionary actions that effectively control or implement employer policy" (*National Labor Relations Board v. Yeshiva University* (1980), 444 U.S. 672, 683, 63 L. Ed. 2d 115, 126, 100 S. Ct. 856, 862). Moreover, an assistant State's Attorney's professional interests are closely aligned with those of management. (See *Yeshiva University*, 444 U.S. at 688, 63 L. Ed. 2d at 129, 100 S. Ct. at 865.) Given the close identification of a State's Attorney with the actions of his or her assistants, the unity of their professional interests, and the power of the assistants to act on behalf of the State's Attorney, we conclude that assistant State's Attorneys must, as a matter of law, be regarded as managerial employees as that term is defined in the Illinois Public Labor Relations Act.

The defendants contend, however, that fact-finding by the appropriate administrative agency is necessary before a determination of the assistants' managerial status may be made. The defendants note that the two prior cases addressing the application of the Labor Act to lawyers were on administrative review from decisions by the two labor boards, and that in each instance the appellate court had before it a detailed record of evidence concerning the specific duties of the attorney-employees. See *Chief Judge v. American Federation of State, County & Municipal Employees, Council 31* (1992), 229 Ill. App. 3d 180; *Salaried Employees of North America v. Illinois Local Labor Relations Board* (1990), 202 Ill. App. 3d 1013.

We do not believe that fact-finding by the administrative agency is necessary in this case. We agree with the State's Attorney that the statutes and case law articulating the powers and duties of his office and of the assistant State's Attorneys provide sufficient grounds for determining this issue as a matter of law. No similarly detailed statutory apparatus describes the functions of the guardians *ad litem* involved in *Chief Judge* or the lawyers of the municipal law department involved in *Salaried Employees*, and thus fact-finding could have been deemed necessary in those settings. Moreover, as in cases involving claims of improper discharge, we believe that the relevant focus here is on the requirements of the statutes setting forth the applicable powers and duties of the type of employee at issue, rather than the specific tasks performed by the particular individuals involved. See *Tomczak v. City of Chicago* (7th Cir. 1985), 765 F.2d 633, 640 (appropriate inquiry in discharge claim concerns "the powers inherent in a given office, as opposed to the functions performed by a particular occupant of that office"); *Fellhauer v. City of Geneva* (1991), 142 Ill. 2d 495, 518 (same).

This is not to say that all publicly employed lawyers must necessarily be deemed managerial employees under the Labor Act. We hold here only that assistant State's Attorneys must be so regarded, in view of the statutes and case law we have discussed. Parenthetically, we note that assistant State's Attorneys in a number of Illinois counties are covered by collective-bargaining agreements. In none of those instances, however, was a determination made by either the State Board or a court that the assistants were properly included within the scope of the Illinois Public Labor Relations Act; in each case, the particular State's Attorney's office either voluntarily recognized the bargaining unit or stipulated to its selection.

Our conclusion that the present matter may be determined as a matter of law means, too, that the State's Attorney was not required to exhaust his administrative remedies before commencing the present action. The exhaustion doctrine is no bar to a judicial determination in this case because questions of fact are not involved here and agency expertise would not aid in the resolution of the issue before us. *Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 309; *County of Kane v. Carlson* (1987), 116 Ill. 2d 186, 199; *McKenna v. Board of Trustees of the University of Illinois* (1980), 90 Ill. App. 3d 992, 998-99.

The requirement that a litigant exhaust his or her administrative remedies before seeking judicial review or redress has a number of salutary purposes. Notably, the rule allows the full development of the relevant facts in the proceeding before the administrative agency, permits the agency to use its special expertise in resolving the matter, and avoids what would be unnecessary judicial action if the party should prevail before the agency. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358.) There are exceptions, however, to the general requirement that a party exhaust its administrative remedies before pursuing judicial redress. "While this court generally requires strict compliance with this doctrine, we recognize several exceptions. An aggrieved party may seek judicial review of an administrative decision without complying with the exhaustion of remedies doctrine *** where no issues of fact are presented or agency expertise is not involved [citations] ***." *Castaneda*, 132 Ill. 2d at 308-09.

The issue before us is one of statutory and case law interpretation, and therefore it falls within the scope of our particular expertise and not the State Board's. As we have previously noted in discussing the exhaustion rule and its exceptions, "The agency's particular

expertise is not implicated in statutory construction." (*Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 550.) Accordingly, we conclude that the exhaustion doctrine is no bar to our consideration and resolution of the present dispute.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed in part and reversed in part.

*Judgment affirmed in part*
*and reversed in part.*

JUSTICE HARRISON, dissenting:

Assistant State's Attorneys are not managerial employees as a matter of law. Although they carry out the general duties of the office of State's Attorney, that is not dispositive of their legal status. Contrary to the majority's view, an employee cannot be deemed "managerial" because he has the authority to act for his employer and to exercise independent judgment in doing so. To some degree, all professional employees exercise independent judgment in performing their responsibilities. The majority's approach would therefore have the effect of removing not only attorneys, but all professional employees, from the reach of the Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq.* (West 1992)), contrary to the clear intention of the legislature.

What matters under the law are the type of decisions professional employees make and the areas over which they have authority. If their decisionmaking consists of discharging normal professional duties in projects to which they have been assigned, professional employees cannot be excluded from coverage under the Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq.* (West 1992)) even if union membership may involve divided loyalty with the employer. (See *National Labor Relations Board v. Yeshiva University* (1980), 444 U.S. 672, 690, 63 L. Ed. 2d 115, 130, 100 S. Ct. 856, 866.) Ac-

cordingly, when an attorney for the State decides whether to offer a plea bargain or take a case to trial, when he gives his professional opinion to county officers on questions of law, or when he does any of the myriad other things that make lawyers lawyers, that does not elevate him to the status of manager. Something more is necessary.

The question of whether a professional employee should be deemed "managerial" within the meaning of section 3(j) of the Illinois Public Labor Relations Act (5 ILCS 315/3(j) (West 1992)) must be evaluated in the context of the purpose of the statute. The Act is not concerned with every aspect of the relationship between employers and employees. Rather, it is addressed specifically to issues of wages, hours and other conditions of employment. (See 5 ILCS 315/2, 4, 6, 7 (West 1992).) Wages, hours and other conditions of employment are the only matters over which employers are required to bargain (5 ILCS 315/4, 7 (West 1992)), and the only matters about which public employees, including professional employees, have the right to organize and bargain collectively (5 ILCS 315/6 (West 1992)). As a result, when section 3(j) of the Act (5 ILCS 315/3(j) (West 1992)) defines a managerial employee as one who is charged with directing the effectuation of "management policies and practices," what it is really referring to are management policies and practices concerning wages, hours and other conditions of employment. Because wages, hours and other conditions of employment are all that matter under the Act, an employee's power to make policy in some other area is irrelevant. Unless he can control wages, hours and other conditions of employment, an employee cannot be deemed a manager for the purposes of this statute.

In rejecting this approach for a more expansive definition of managerial status, the majority forgets that,

under the Act, the statutory duty to bargain collectively is broad, and any exceptions should be construed narrowly. (See, *e.g., City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268* (1988), 122 Ill. 2d 353, 364-66.) There may sometimes be problems of divided loyalty between the employer and the collective-bargaining unit if assistant State's Attorneys are permitted to organize, but divided loyalty is an issue whenever labor organizes. If the prospect of divided loyalty were reason enough to take employees out of the Act, no public employee could ever invoke its protections. The law would be rendered a nullity.

I note, moreover, that the issue of loyalty is no more problematic here than in other situations. To the contrary, there should be no real concern about employee allegiance in this context. Prosecutors, as a group, tend to be highly motivated and dedicated individuals. In most cases, economics are not their guiding consideration. They do what they do out of philosophical conviction and in obedience to the Rules of Professional Conduct. There is no reason to believe that the opportunity to engage in collective bargaining would diminish their commitment in any way. If anything, it is likely to enhance their dedication by protecting them from unfair terms and conditions of employment.

Although the majority claims that its holding does not necessarily mean that all publicly employed lawyers will be deemed managers, its analysis provides for no exceptions. Had the General Assembly intended to exclude this class of employees, it could have enacted a specific statutory provision to accomplish that result. It did not, and we have no right to engraft such an exclusion onto the statute. Under the law, lawyers constitute professional employees and, as such, are included in the Act's coverage unless their actual duties, beyond the provision of legal services, render them managers. That

is a fact-based determination for the State Board to make, and the circuit court was therefore correct when it refused to bar the Board from proceeding with the representation petitions in this case.

JUSTICE FREEMAN joins in this dissent.