NO. 4-09-0721          Filed 12/28/10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES/THE ILLINOIS HUMAN RIGHTS COMMISSION,<br>        Petitioner-Appellant,<br>        v.<br>THE ILLINOIS LABOR RELATIONS BOARD, STATE PANEL; JACKIE GALLAGHER, MICHAEL HADE, REX PIPER, MICHAEL COLI, and ALBERT WASHINGTON, the Members of Said Board and Panel in Their Official Capacity Only; JOHN F. BROSNAN, in His Official Capacity Only as ILRB Executive Director; Administrative Law Judge ELLEN MAUREEN STRIZAK, in Her Official Capacity Only; and the AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, COUNCIL 31,<br>        Respondents-Appellees. | ) Direct Administrative<br>) Review of Illinois<br>) Labor Relations Board,<br>) State Panel,<br>) No. S-RC-09-132<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

JUSTICE McCULLOUGH delivered the opinion of the court:

Petitioner, the Illinois Department of Central Management Services/the Illinois Human Rights Commission (CMS), seeks administrative review of a decision of the Illinois Labor Relations Board, State Panel (Board), that permitted inclusion of employees with the classification of public service administrator (PSA), option 8L, Administrative Law Judge (ALJ), into an existing bargaining unit, RC-10, and certified the American Federation

of State, County, and Municipal Employees, Council 31 (union), as their exclusive representative. CMS argues it was improperly and unfairly denied an evidentiary hearing and due process, and ALJs are "managerial employees" under the Illinois Public Labor Relations Act (Act) (5 ILCS 315/1 through 27 (West 2008)) and, therefore, excluded from engaging in collective bargaining. We reverse, finding the ALJs in the case at bar to be "managerial employees" as a matter of law.

On April 8, 2009, the union filed a representation-certification petition with the Board, alleging that a majority of CMS's employees in an appropriate unit wished to be repre-sented by the union for purposes of collective bargaining. Specifically, it asserted there was an existing board-certified, collective-bargaining unit and seven employees holding the position of PSA, option 8L, ALJ wished to be included in that existing bargaining unit.

On May 14, 2009, CMS filed a position statement in response to the union's petition, asserting the petitioned-for bargaining unit was inappropriate because its ALJs were "manage-rial employees" as defined by the Act. Specifically, it argued (1) the ALJs at issue rendered decisions based upon and effecting management policy and (2) the ALJs were managerial employees as a

matter of law. CMS requested dismissal of the petition.

On June 12, 2009, the Board, through its agent, sent a letter to the parties, requesting CMS "cite specific facts in support of its assertion." On July 15, 2009, CMS responded. It argued the ALJs regularly made determinations directly related to the policies of the Human Rights Commission (Commission) as dictated by the Human Rights Act (775 ILCS 5/1-101 through 10-104 (West 2008)). Further, it noted "a two-tier decision-making process in which the ALJs make recommended decisions." CMS alleged that the decisions of the ALJs were "given much defer-ence."

On August 13, 2009, the Board's agent sent a letter to CMS, stating its responses had been reviewed and no issues of law or fact were found. The agent stated she intended to recommend that the petitioned-for unit be certified. On August 17, 2009, the Board's Executive Director issued a certification of repre-sentative, designating the union as the exclusive representative of the PSA, option 8L, ALJs for collective-bargaining purposes and adding those employees to the existing bargaining unit.

This appeal followed.

On appeal, CMS argues the Board improperly failed to conduct an evidentiary hearing, violating its due-process rights.

- 3 -

Further, it contends its ALJs could not have appropriately been included in the petitioned-for unit because they were managers under the Act and not public employees.

When a petition to certify a labor organization as the exclusive representative of a group of public employees has been filed, the Board must investigate the petition and, "if it has reasonable cause to believe that a question of representation exists," must provide for an appropriate hearing.  5 ILCS 315/9(a) (West 2008).  Addressing the issue of whether the Board improperly failed to conduct a hearing, the First District has recently stated as follows:

> "[T]he Act 'on its face provides for the evaluation of the evidence gathered and a determination of its sufficiency before an appropriate hearing must be held.' [Citation.] 'This interpretation is fully consistent with and borne out by the Board's own regulations promulgated to implement section 9(a) of the Act.' [Citations.]  These regulations provide a procedure under which a petition may be either dismissed or certified without a hearing."  City of Chicago v.

- 4 -

*Illinois Labor Relations Board, Local Panel*, 396 Ill. App. 3d 61, 71-72, 918 N.E.2d 1103, 1113 (2009), quoting *Illinois Council of Police v. Illinois Labor Relations Board, Local Panel*, 387 Ill. App. 3d 641, 659, 899 N.E.2d 1199, 1214 (2008).

The Board's regulations provide that the Board or its agent must investigate a petition. 80 Ill. Adm. Code §1210.100(b)(6), as amended by 28 Ill. Reg. 4172, 4191 (eff. February 19, 2004).

> "A) After the investigation, the Executive Director shall dismiss a petition, or the [ALJ] shall recommend to the Board that a petition be dismissed, when a petition has been filed untimely; when the bargaining unit is clearly inappropriate; when the showing of interest is not adequate; when the employer is not covered by the Act; when the employees are not covered by the Act; or for any other reason there is no reasonable cause to believe that a question of representation exists. ***

B) Where there are no unit appropriateness or exclusion issues, or any other issues necessitating a hearing, the Executive Director will prepare a tally of the finding of majority support and certify the petitioner as the unit's exclusive representative within 20 days after the service of the petition. ***

C) If the investigation discloses that there is reasonable cause to believe that there are unresolved issues relating to the question concerning representation, the Board shall set the matter for hearing before an [ALJ]. ***." 80 Ill. Adm. Code §1210.100(b)(7), as amended by 28 Ill. Reg. 4172, 4192 (eff. February 19, 2004).

"Under the Administrative Review Law [(735 ILCS 5/3-110 (West 2008))], the scope of judicial review extends to all questions of law and fact presented by the record before the court." AFM Messenger Service, Inc. v. Department of Employment Security, 198 Ill. 2d 380, 390, 763 N.E.2d 272, 279 (2001). On review, this court must determine whether the agency's findings

of fact are against the manifest weight of the evidence. Exelon Corp. v. Department of Revenue, 234 Ill. 2d 266, 272, 917 N.E.2d 899, 904 (2009). Questions of law are subject to de novo review. Exelon, 234 Ill. 2d at 273, 917 N.E.2d at 904. Finally, "[a]n agency's conclusion on a mixed question of fact and law is reviewed for clear error." Exelon, 234 Ill. 2d at 273, 917 N.E.2d at 905.

CMS first argues it was deprived of due process when the Board issued a certification of representative without a hearing. This issue presents a question of law and is subject to de novo review.

"The fundamental requirements of due process are notice of the proceeding and an opportunity to present any objections." People ex rel. Birkett v. Konetski, 233 Ill. 2d 185, 201, 909 N.E.2d 783, 796 (2009). However, "[t]he due[-]process clauses of the fifth and fourteenth amendments were enacted to protect 'persons,' not States." People v. Williams, 87 Ill. 2d 161, 166, 429 N.E.2d 487, 489 (1981). The State is not a "person" and cannot benefit from due-process protection. Williams, 87 Ill. 2d at 166, 429 N.E.2d at 489.

Here, CMS is a state agency and not entitled the protections of due process. Moreover, in this instance, the

- 7 -

fundamental requirements of due process were met because CMS received notice of the proceedings at issue and an opportunity for its objections to be heard. The record reflects CMS filed two responses to the union's petition and both were reviewed by the Board's agent during her investigation of the petition. CMS's argument that it was denied due process is without merit.

Additionally, neither the Act nor the Board's regulations require a hearing following the filing of a majority-interest petition. As stated, the Act provides for a hearing only when there is reasonable cause to believe a question of representation exists. See 5 ILCS 315/9(a) (West 2008).

CMS, however, also contends "the undisputed facts contained in its position statements [were] sufficient to raise questions of representation and exclusions." It argued before the Board, and argues on appeal, that its ALJs are "managerial employees" under the Act and may not engage in collective bargaining.

> "While the test to determine whether a
> hearing is required under the Act is a legal
> one, involving whether the Board had 'no
> reasonable cause' to believe that a question
> of representation existed [citation], that

- 8 -

test must be applied to and depends upon the sufficiency of facts presented to the Board during its investigation of the representation petition. [Citations.] As such, this court reviews the Board's finding that a hearing was not required under the clearly erroneous standard. [Citation.]" City of Chicago, 396 Ill. App. 3d at 72, 918 N.E.2d at 1113-14.

An agency's decision "will be deemed 'clearly erroneous' only where the reviewing court, on the entire record, is 'left with the definite and firm conviction that a mistake has been committed.'" AFM Messenger, 198 Ill. 2d at 395, 763 N.E.2d at 282, quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 92 L. Ed. 746, 766, 68 S. Ct. 525, 542 (1948).

One of the Act's purposes is "to regulate labor relations between public employers and employees." 5 ILCS 315/2 (West 2008). The Act defines a "public employee" as "any individual employed by a public employer," excluding "managerial employees." 5 ILCS 315/3(n) (West 2008). "'Managerial employee' means an individual who is engaged predominantly in executive and management functions and is charged with the responsibility of

- 9 -

directing the effectuation of management policies and practices."
5 ILCS 315/3(j) (West 2008).  "The exclusion is intended to
maintain the distinction between management and labor and to
provide the employer with undivided loyalty from its
representatives in management."  Chief Judge of the Sixteenth
Judicial Circuit v. Illinois State Labor Relations Board, 178
Ill. 2d 333, 339, 687 N.E.2d 795, 797 (1997).

Two tests are used to determine whether an employee is
a "managerial employee" for purposes of the Act.  Department of
Central Management Services v. Illinois Labor Relations Board,
State Panel, 388 Ill. App. 3d 319, 330, 902 N.E.2d 1122, 1130
(2009).  The first test is "the traditional test, which considers
whether the employee is a managerial employee as a matter of
fact."  Department of Central Management Services, 388 Ill. App.
3d at 330, 902 N.E.2d at 1130.  The second test is "the
alternative test, which considers whether the employee is a
managerial employee as a matter of law [citation]."  Department
of Central Management Services, 388 Ill. App. 3d at 330, 902
N.E.2d at 1130.

In Cook County State's Attorney v. Illinois Local Labor
Relations Board, 166 Ill. 2d 296, 304, 652 N.E.2d 301, 305
(1995), the supreme court found that, as a matter of law,

- 10 -

assistant State's Attorneys were "managerial employees" under the Act due to (1) the close identification of a State's Attorney with the actions of his or her assistants, (2) the unity of their professional interests, and (3) the power of the assistants to act on behalf of the State's Attorney. Sufficient grounds for determining the issue as a matter of law existed because of statutes and case law that articulated the powers and duties of the State's Attorney's office and of the assistant State's Attorneys. Cook County State's Attorney, 166 Ill. 2d at 305, 652 N.E.2d at 305. In reaching its decision, the court noted that "[t]he authority to make independent decisions and the consequent alignment of the employee's interests with management's are hallmarks of managerial status for purposes of labor law." Cook County State's Attorney, 166 Ill. 2d at 301, 652 N.E.2d at 303.

In Chief Judge, 178 Ill. 2d at 343, 687 N.E.2d at 799, the supreme court also found that assistant public defenders were "managerial employees" as a matter of law. It referenced the three factors relied upon by the court in Cook County State's Attorney and found "assistant public defenders possess significant authority and discretion to discharge the mission of the public defender's office." Chief Judge, 178 Ill. 2d at 344, 687 N.E.2d at 800. In effect, the assistants acted "as

surrogates for the public defender."  Chief Judge, 178 Ill. 2d at 344, 687 N.E.2d at 800.

Here, the powers and duties of the Commission and its ALJs are defined in the Illinois Human Rights Act (775 ILCS 5/1-101 through 10-104 (West 2008)).  The Commission consists of 13 members appointed by the Governor with the advice and consent of the Senate.  775 ILCS 5/8-101(A) (West 2008).  It has the power to hear and decide complaints filed by the Illinois Department of Human Rights based upon civil-rights violations.  775 ILCS 5/7A-102(C), (F), 8-102(G) (West 2008).  The Commission also has the power to hire and train attorneys to act as ALJs and preside over hearings.  775 ILCS 5/8-102(D), 8A-102 (West 2008).

The ALJs hear testimony, make findings of fact, and issue recommended orders.  775 ILCS 5/8A-102(G), (I) (West 2008).  If the parties agree to proceed with the alternative hearing procedure set forth in the Human Rights Act, the ALJ's decision is final and cannot be appealed.  775 ILCS 5/8A-102.5 (West 2008).  Under regular hearing procedures, the ALJ's recommended order becomes the final order of the Commission when no party files written exceptions within 30 days of receipt of service of the recommended order.  775 ILCS 5/8A-103(A) (West 2008).  Once exceptions are filed, the Commission may decline to review the

recommended order, making it the order of the Commission. 775 ILCS 5/8A-103(E) (West 2008). It also may accept the case for review and "adopt, modify, or reverse in whole or in part" the ALJ's findings and recommendations. 775 ILCS 5/8A-103(E)(1) (West 2008). On review, the Commission must adopt the ALJ's factual findings which are not contrary to the manifest weight of the evidence. 775 ILCS 5/8A-103(E)(2) (West 2008).

Here, the ALJs preside over hearings and render decisions in cases that involve alleged civil-rights violations. They act with discretion and with the purpose of carrying out the policies of the Commission. Their recommended orders become the final decision of the Commission. Although parties in the underlying action may seek review of an ALJ's recommended order, the Commission is highly deferential to the ALJ's findings of fact. As in Cook County State's Attorney and Chief Judge, the ALJs' actions are closely identified with those of the Commission, a unity of professional interests exists between the two, and the ALJs have the power to act on behalf of the Commission. Under the circumstances presented, the ALJs are "managerial employees" as a matter of law.

For the reasons stated, we reverse the Board's determination.

Reversed.

KNECHT, P.J., and TURNER, J., concur.