AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, Council 31, Petitioner-Appellant, v. ILLINOIS STATE LABOR RELATIONS BOARD *et al.*, Respondents-Appellees.

Fifth District    No. 5—00—0439

Opinion filed August 16, 2002.

GOLDENHERSH, J., specially concurring.

Melissa J. Auerbach, of Cornfield & Feldman, of Chicago, for appellant.

No brief filed for appellee Illinois State Labor Relations Board.

Douglas A. Darch, Jill D. Leka, and James J. Powers, all of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee State Appellate Defender's Office.

JUSTICE HOPKINS delivered the opinion of the court:

This case is on appeal from an order of the Illinois State Labor Relations Board (the Board), issued on June 15, 2000, in which the Board decided that all of the assistant appellate defenders employed by the State of Illinois Office of the State Appellate Defender (OSAD) qualified as managerial employees under the Illinois Public Labor Relations Act (the Act) (5 ILCS 315/1 *et seq.* (West 2000)), thus exempting them from collective bargaining through the American Federation of State, County and Municipal Employees, Council 31 (the Union). The Board also dismissed the Union's unfair labor practices complaints, which alleged that OSAD had violated the Act by failing to bargain in good faith with the Union.

On appeal, the Union argues (1) that OSAD waived the argument that the assistant appellate defenders are managerial employees and (2) that the Board erred in finding that the assistant appellate defenders are managerial employees under the Act. We affirm.

## BACKGROUND

In May 1988, the Union petitioned the Board and alleged that it should be named the exclusive bargaining agent for most of the OSAD employees, including the assistant appellate defenders. After a hear-

ing, the hearing officer certified the Union as the exclusive representative of the bargaining unit of assistant appellate defenders. At the 1988 hearing, OSAD did not argue that the assistant appellate defenders were managerial employees or that they should be excluded from the bargaining unit. The hearing officer ultimately concluded that the assistant appellate defenders and certain other employees of OSAD constituted an appropriate collective bargaining unit. OSAD did not appeal the hearing officer's decision to the Board.

Following the certification of the bargaining unit, the parties entered into a series of collective bargaining agreements, with the final agreement ending on June 30, 1998. Prior to the end of the last collective bargaining agreement, OSAD filed a petition with the Board and sought to exclude all of the assistant appellate defenders from the bargaining unit certified in 1988.

At the hearing before the administrative law judge (the ALJ), OSAD argued that it had properly filed its petition under recent Illinois Supreme Court case law, which effectively changed the law concerning the bargaining rights of publicly employed attorneys such as the assistant appellate defenders. The Union opposed the petition on the grounds that OSAD had waived the argument by not raising it prior to the 1988 certification of the bargaining unit and that, if the argument was not waived, the assistant appellate defenders were not managerial employees excluded from collective bargaining under the Act.

While OSAD's petition was pending before the ALJ, the Union filed unfair labor practice charges against OSAD. The Union alleged that OSAD had violated the Act by failing to negotiate in good faith over the terms of the collective bargaining agreement and by implementing a new pay plan for assistant appellate defenders without giving the Union an opportunity to bargain about that plan.

On July 21, 1999, the ALJ issued a recommended decision and order. In that decision, the ALJ noted that a unit clarification petition, such as that filed by OSAD, may properly be filed in four types of situations, including when there has been a change in statutory or case law that affects the bargaining rights of employees. The ALJ determined that Illinois Supreme Court case law cited by OSAD constituted a change in the law since the bargaining unit was formed in 1988. The ALJ concluded that the assistant appellate defenders are managerial employees as defined by the Act. Accordingly, the ALJ recommended that the Board should find that the assistant appellate defenders are not covered by the collective bargaining provisions of the Act and that the Board should grant OSAD's petition for unit clarification. Finally, the ALJ found that since the bargaining unit was

being clarified to exclude all of the employees in that unit, OSAD had no duty to bargain with the Union, and the ALJ recommended that the unfair labor practices complaints be dismissed.

The Union filed exceptions to the ALJ's recommended decision. On June 15, 2000, the Board issued its decision, following the ALJ's recommendations with certain modifications. The Board agreed with the ALJ's conclusion that OSAD's petition was properly filed on the basis of a change in the law concerning publicly employed attorneys such as the assistant appellate defenders, and the Board agreed with the ALJ's recommendation that the Union's unfair labor practices complaints should be dismissed. The Union filed this timely appeal from the Board's decision.

## STANDARD OF REVIEW

■ Judicial review of decisions of the Board is governed by the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2000)). *City of Freeport v. Illinois State Labor Relations Board*, 135 Ill. 2d 499, 507 (1990). Judicial review extends to all questions of law and fact presented in the record. The Board's findings of fact are held *prima facie* true and correct, but if those findings are against the manifest weight of the evidence or if it is clear that the Board should have reached an opposite conclusion, the court of review may reverse the Board's findings. *City of Freeport*, 135 Ill. 2d at 507. Where the issue before the reviewing court is one of law, such as the proper interpretation of a statute, as in the case at bar, the Board's findings are not binding on the court (*City of Freeport*, 135 Ill. 2d at 507) and our review is *de novo* (*County of Cook v. Licensed Practical Nurses Ass'n*, 284 Ill. App. 3d 145, 152 (1996)). Nevertheless, courts should accord substantial weight and deference to statutory interpretation by the agency charged with the administration and enforcement of those statutes. *County of Cook*, 284 Ill. App. 3d at 152.

## DISCUSSION

### 1. Waiver

OSAD filed its petition asking the Board to find that the assistant appellate defenders are managerial employees under recent Illinois Supreme Court case law. The Union contends that the cases to which OSAD refers do not change the law applicable to assistant appellate defenders and that, since the case law has not changed, OSAD has waived this argument by failing to argue it in 1988 when the bargaining unit was originally certified.

■ A unit clarification petition such as that filed herein by OSAD is a procedure created by Board regulation and case law. There are

four situations in which a party may appropriately file a unit clarification petition: "(1) a newly created job classification entailing job functions similar to functions already covered in the unit; (2) an existing classification's duties and responsibilities have undergone recent substantial changes raising an issue as to whether the position continues to be included in or excluded from the unit; (3) employees were overlooked by the parties through inadvertence or misunderstanding when the unit was created; and (4) there has been a change in statutory or case law affecting the bargaining rights of employees." *City of Evanston v. Illinois State Labor Relations Board*, 227 Ill. App. 3d 955, 969-70 (1992).

■ The Act defines a managerial employee as "an individual who is engaged predominantly in executive and management functions and is charged with the responsibility of directing the effectuation of management policies and practices." 5 ILCS 315/3(j) (West 2000). The Act further provides that managerial employees are not to be included in bargaining units when they are employed by public employers. 5 ILCS 315/3(n) (West 2000).

The Board followed the ALJ's recommended order, with one modification. Specifically relevant to this appeal are the following portions of the Board's order:

> "The outcome of this case is controlled by the Illinois Supreme Court's decision in *Chief Judge of the Sixteenth Judicial Circuit v. Illinois State Labor Relations Board*, 178 Ill. 2d 333 *** (1997), which concerned the managerial status of assistant public defenders employed by Kane County. In *Chief Judge of the Sixteenth Judicial Circuit*, [citation] the Board utilized the traditional, fact-based managerial analysis to find that assistant public defenders were not managerial employees. ***
> ***
> The supreme court [concluded] *** that the assistant public defenders were managerial employees, although it made its determination solely as a matter of law, rather than relying upon the employees' duties and responsibilities. In so holding, the supreme court relied upon its previous decision in *Office of the Cook County State's Attorney v. Illinois Local Labor Relations Board*, 166 Ill. 2d 296 *** (1995), in which the court declared that certain assistant State's [A]ttorneys were managerial employees as a matter of law because their statutory duties demonstrated: 1) a close identification between the actions of the employees and of their employer; 2) a unity of the professional interest of the employees and of the employer; and 3) an ability of the employees to act on behalf of the employer. *Chief Judge of the Sixteenth Judicial Circuit ***, 178 Ill. 2d 333.

***

Because we can find no principled distinction between the statutory duties of the assistant appellate defenders and their counterparts at the trial level, the assistant public defenders, we are bound by the supreme court precedent in *Chief Judge of the Sixteenth Judicial Circuit* to find that the assistant appellate defenders are managerial employees within the meaning of Section 3(j) of the Act. *** [I]n the areas the supreme court has found significant, the similarities between the statutory duties of the assistant appellate defenders and those of the assistant public defenders are clear. The statutory mission of both employers is to provide quality legal representation to indigent individuals, albeit at different stages of criminal proceedings. Both the assistant appellate defenders and the assistant public defenders are responsible for carrying out that mission by providing the necessary legal representation[ ] and indeed are authorized by statute to assist their respective employers in carrying out their statutory duties. Both the assistant appellate defenders and the assistant public defenders possess the authority and responsibility to make all legal and professional decisions regarding the handling of their cases, without significant input from the State Appellate Defender or the Public Defender. Like their trial-level counterparts, the assistant appellate defenders, when representing the Employer's clients, exercise some portion of the sovereign power of the State. Further, the assistant appellate defenders perform acts that are generally regarded as acts of the State Appellate Defender, just as the assistant public defenders were found to perform acts generally regarded as those of the Public Defender. Based upon the supreme court's determination that these factors are sufficient to confer managerial status within the meaning of the Act, we are bound to conclude that the assistant appellate defenders are likewise managerial employees as the supreme court has defined that term.

*** Because the differences set forth by the Union do not affect the assistant appellate defenders' statutory authority to act as surrogates for the State Appellate Defender, *Chief Judge of the Sixteenth Circuit* controls our determination herein. We must therefore, on the basis of controlling court precedent, uphold the [ALJ's] conclusion that the assistant appellate defenders are managerial employees within the meaning of Section 3(j) of the Act.

While we must uphold the [ALJ's] managerial determination, we expressly disavow his statement that 'the clear message from the Illinois Supreme Court is that the Board's traditional analysis for judging whether non[ ]attorneys are managerial employees does not apply to attorneys.' This sweeping assertion contradicts *Office*

*of the Cook County State's Attorney* \*\*\*, [citation] and *Chief Judge of the Sixteenth Judicial Circuit,* in which the supreme court explicitly stated that its findings were to be limited only to the particular types of public employees whose managerial status was at issue, namely, assistant State's [A]ttorneys and assistant public defenders. \*\*\* The supreme court's holdings in both cases were exceptionally narrow and limited only to the particular types of public employee whose managerial status was at issue therein. The traditional fact-based analysis survives, and we will apply it unless court precedent *expressly* requires a contrary result. Because we find the assistant appellate defenders' statutory duties essentially indistinguishable from those of the assistant public defenders in *Chief Judge of the Sixteenth Judicial Circuit,* this is such a case, and we are bound to conclude that the employees are managerial as a matter of law, as that analysis has been created and applied by the Illinois courts." (Emphasis in original.)

The Union contends that the Board incorrectly determined that the supreme court's rulings in *Office of the Cook County State's Attorney* and *Chief Judge of the Sixteenth Judicial Circuit* constitute a change in law that affects the bargaining rights of the assistant appellate defenders. It argues that because these cases did not change the law, OSAD waived any argument that the assistant appellate defenders are managerial employees. Therefore, we must consider whether these cases constitute a change in the law sufficient to allow OSAD to file the unit clarification petition. If not, then the Union is correct that OSAD has waived the managerial-employee argument.

The first reported court decision to define publicly employed attorneys as managerial employees is *Salaried Employees of North America v. Illinois Local Labor Relations Board,* 202 Ill. App. 3d 1013 (1990). Prior to 1990 and the publication of *Salaried Employees of North America,* there are no reported judicial or administrative decisions dealing with the collective bargaining rights of attorneys employed by large municipalities (*Salaried Employees of North America,* 202 Ill. App. 3d at 1021), a position that is very similar to that of the assistant appellate defenders, who are employed by a large State agency. In the 1997 case of *Chief Judge of the Sixteenth Judicial Circuit,* the supreme court decided that based upon their statutorily defined duties, the public defenders employed by Kane County were managerial employees as a matter of law. *Chief Judge of the Sixteenth Judicial Circuit,* 178 Ill. 2d at 343. In the 1997 *Chief Judge of the Sixteenth Judicial Circuit* case, the supreme court followed its 1995 decision in *Office of the Cook County State's Attorney,* wherein the court decided that the statutorily defined duties and responsibilities of the assistant State's Attorneys in Cook County required a finding, as a

matter of law, that those attorneys were managerial employees within the meaning of the Act.

Prior to 1995, most of the reported decisions construing the managerial-employee section of the Act utilized a fact-based analysis focusing upon the managerial duties and decision-making functions of the employees in question. See *Village of Elk Grove Village v. Illinois State Labor Relations Board*, 245 Ill. App. 3d 109, 121-22 (1993); *City of Evanston*, 227 Ill. App. 3d at 974-75. In the *Salaried Employees of North America* case, the Illinois Appellate Court, First District, changed the focus from the traditional, fact-based analysis to one in which the "key inquiry" was whether the employees' duties and responsibilities were of such a character that they should not be asked to divide their loyalty between their employer and their collective bargaining unit. *Salaried Employees of North America*, 202 Ill. App. 3d at 1021. When the supreme court decided the *Chief Judge of the Sixteenth Judicial Circuit* case, it further clarified the criteria for deciding if publicly employed attorneys may be considered managerial under the Act:

> "Although no exact criteria define a managerial employee, this court, in [*Office of the*] *Cook County State's Attorney*, 166 Ill. 2d at 304, relied heavily on the existence of three factors in determining that assistant State's Attorneys are managerial employees: (1) the close identification of a State's Attorney with the actions of his or her assistants, (2) the unity of their professional interests, and (3) the power of the assistants to act on behalf of the State's Attorney. *** The assistant public defenders possess significant authority and discretion to discharge the mission of the public defender's office. In effect, they act as surrogates for the public defender." *Chief Judge of the Sixteenth Judicial Circuit*, 178 Ill. 2d at 344.

■ Thus, at the time of the 1988 certification hearing, a managerial employee was defined via a fact-based analysis that emphasized the particular duties of the individual employees. Since 1997, the supreme court has clarified that if publicly employed attorneys have statutorily defined duties that, in effect, cause them to be the surrogates for their employers, then a three-part legal test should be applied to determine if those employees are managerial and excluded from collective bargaining. Thus, the Board was correct in conclusions that there was a change in the law sufficient to allow OSAD to file its unit clarification petition and that OSAD did not waive the argument that the assistant appellate defenders are managerial employees.

### 2. Assistant Appellate Defenders as Managerial Employees

■ We next turn to the Union's argument that the Board improperly determined that the assistant appellate defenders are

managerial employees. Under the test prescribed by the supreme court in *Office of the Cook County State's Attorney* and *Chief Judge of the Sixteenth Judicial Circuit,* the first inquiry is whether the State Appellate Defender is closely identified with the actions of his assistant appellate defenders. Under the State Appellate Defender Act (725 ILCS 105/1 *et seq.* (West 2000)), the term " 'State Appellate Defender', when used with reference to representation under this Act, includes Deputy Defender and Assistant Appellate Defender." 725 ILCS 105/2 (West 2000). The State Appellate Defender Act further provides that the State Appellate Defender shall establish an office in each judicial district, appoint a deputy defender for each of those offices, and employ additional attorneys to serve as assistant appellate defenders. 725 ILCS 105/9 (West 2000). The designated purpose for the position of the State Appellate Defender, the deputy defenders, and the assistant appellate defenders is to represent indigent persons on appeal in criminal and delinquent minor proceedings, when appointed to do so by the court. 725 ILCS 105/10 (West 2000). Thus, under the State Appellate Defender Act, the assistant appellate defenders work on behalf of the State Appellate Defender, assist him in carrying out the mission of the office, and act as his surrogate when in court representing clients of the office. We find that the assistant appellate defenders are closely identified with their employer, and as a result, they meet the requirement of the first part of the managerial-employee test for publicly employed attorneys.

The second inquiry is whether the public employer and the publicly employed attorney share a unity of professional interests. We agree with the Board's findings that the statutory mission of the State Appellate Defender and his assistants is to provide quality legal representation to indigent individuals at the appeal level, that the assistant appellate defenders are responsible for carrying out that mission by providing the necessary legal representation, and that the assistant appellate defenders are authorized by statute to assist their employer in carrying out those statutory duties. Based upon these statutorily assigned responsibilities, the professional interests of the assistant appellate defenders cannot be separated from and are identical to the professional interests of the State Appellate Defender.

The third inquiry is whether the assistant appellate defenders have the power to act on behalf of their employer, the State Appellate Defender. Again, we agree with the Board's findings that the assistant appellate defenders possess the authority and responsibility to make all legal and professional decisions regarding their cases, without significant input from the State Appellate Defender. The Union argues that the deputy defenders exert significant control over the work

product of the assistant appellate defenders and often make suggestions for changes in the assistants' briefs or oral arguments, that the assistants typically feel compelled to follow the suggestions of the deputy defenders, and that, therefore, the assistant appellate defenders are not autonomous. The Union contends that without autonomy of decision-making at every level, the assistant appellate defenders do not meet the third criterion for qualifying as managerial employees.

Although the deputy defenders exert some level of supervisory control over the work product that comes out of their offices, the assistant appellate defenders possess the authority and responsibility to make all legal and professional decisions regarding the handling of their cases, without significant input from the State Appellate Defender. Supervisory control is a function of the deputy defenders, and each deputy defender may or may not exert control over any particular assistant appellate defender in each specific case. The difference is that the assistant appellate defenders, in all decisions that they make on behalf of the State Appellate Defender's clients, act with the authority of the State Appellate Defender, in his stead as his surrogate exercising the same sovereign power as if they were the State Appellate Defender. Therefore, the Board correctly found that the statutory duties assigned to the State Appellate Defender and carried out by the assistant appellate defenders meet the third criterion of the test for managerial-employee status.

■ We agree with the Board's finding that this case is controlled by the supreme court's decision in *Chief Judge of the Sixteenth Judicial Circuit* because the statutorily assigned duties of the assistant public defenders which were analyzed in that case are virtually indistinguishable from the statutorily assigned duties of the assistant appellate defenders. Even though both the *Office of the Cook County State's Attorney* and the *Chief Judge of the Sixteenth Judicial Circuit* cases expressly limited their holdings to the particular facts described therein, the facts of those cases are so similar on all material points that they are indistinguishable for the purpose of our analysis. As a result, we affirm the Board's ruling that the assistant appellate defenders are managerial employees as defined in the Act and, thus, are not covered by the collective bargaining requirements of the Act.

### 3. Unfair Labor Practices Complaints

■ The Union finally argues that the Board erred in concluding that its unfair labor practices complaints should be dismissed. However, the only basis the Union gives for this argument is that the Board erred in finding that the assistant appellate defenders are managerial employees and that, therefore, the Board had no basis for

dismissing the unfair labor practices complaints. Because we agree with the Board that the assistant appellate defenders are managerial employees, we also agree that the unfair labor practices complaints should be dismissed.

## CONCLUSION

For all of the reasons stated, we affirm the Board's ruling that OSAD did not waive the argument that the assistant appellate defenders are managerial employees, we affirm the Board's finding that the assistant appellate defenders are managerial employees within the meaning of the Act, and we affirm the Board's dismissal of the Union's unfair labor practices complaints.

Affirmed.

RARICK, J., concurs.

JUSTICE GOLDENHERSH, specially concurring:

I reluctantly concur with the result reached by the majority in this cause. I agree that the outcome in this case is dictated by *Office of the Cook County State's Attorney v. Illinois Local Labor Relations Board*, 166 Ill. 2d 296 (1995), and *Chief Judge of the Sixteenth Judicial Circuit v. Illinois State Labor Relations Board*, 178 Ill. 2d 333 (1997).

I am specially concurring, however, to note the coming to pass of Chief Justice Harrison's warning in his dissent in *Office of the Cook County State's Attorney v. Illinois Local Labor Relations Board*:

"Assistant State's Attorneys are not managerial employees as a matter of law. Although they carry out the general duties of the office of State's Attorney, that is not dispositive of their legal status. *Contrary to the majority's view, an employee cannot be deemed 'managerial' because he has the authority to act for his employer and to exercise independent judgment in doing so. To some degree, all professional employees exercise independent judgment in performing their responsibilities. The majority's approach would therefore have the effect of removing not only attorneys, but all professional employees, from the reach of the Illinois Public Labor Relations Act (5 ILCS 315/1 et seq. (West 1992)), contrary to the clear intention of the legislature.*

What matters under the law are the type of decisions professional employees make and the areas over which they have authority. If their decisionmaking consists of discharging normal professional duties in projects to which they have been assigned, professional employees cannot be excluded from coverage under the Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq.* (West

1992)) even if union membership may involve divided loyalty with the employer. (See *National Labor Relations Board v. Yeshiva University* (1980), 444 U.S. 672, 690, 63 L. Ed. 2d 115, 130, 100 S. Ct. 856, 866.) Accordingly, when an attorney for the State decides whether to offer a plea bargain or take a case to trial, when he gives his professional opinion to county officers on questions of law, or when he does any of the myriad other things that make lawyers lawyers, that does not elevate him to the status of manager. Something more is necessary." (Emphasis added.) *Office of the Cook County State's Attorney*, 166 Ill. 2d at 307-08 (Harrison, J., dissenting, joined by Freeman, J.).

Considering the subsequent decision of *Chief Judge of the Sixteenth Judicial Circuit* and the decision in the instant case, the above warning is becoming reality.