NOS. 4-05-0276, 4-05-0277 cons.    Filed: 4/12/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE STATE OF ILLINOIS, DEPARTMENT OF      ) Direct Review of the
CENTRAL MANAGEMENT SERVICES (DEPART-       ) Illinois Labor Rela-
MENT OF CORRECTIONS)                        ) tions Board, State
     Petitioner-Appellant,              ) Panel
     v. (No. 4-05-0276)                 ) No. S-UC-S-04-038
THE STATE OF ILLINOIS, ILLINOIS LABOR      )
RELATIONS BOARD, STATE PANEL; JACKIE       )
GALLAGHER, MICHAEL HADE, CHARLES           )
HERNANDEZ, REX PIPER, and LETITIA          )
TAYLOR, the Members of Said Board and      )
Panel in Their Official Capacity           )
Only; THE AMERICAN FEDERATION OF           )
STATE, COUNTY AND MUNICIPAL                 )
EMPLOYEES, COUNCIL 31; and DAVID R.        )
SUAREZ,                                     )
     Respondents-Appellees.            )
---------------------------------------- )
-                                          ) No. S-UC-S-05-002
                                           )
THE STATE OF ILLINOIS, DEPARTMENT OF      )
CENTRAL MANAGEMENT SERVICES (DEPART-       )
MENT OF CORRECTIONS),                       )
     Petitioner-Appellant,              )
     v.  (No. 4-05-0277)                )
THE STATE OF ILLINOIS, ILLINOIS LABOR      )
RELATIONS BOARD, STATE PANEL; JACKIE       )
GALLAGHER, MICHAEL HADE, CHARLES           )
HERNANDEZ, REX PIPER, and LETITIA          )
TAYLOR, the Members of Said Board and      )
Panel in Their Official Capacity           )
Only; THE AMERICAN FEDERATION OF           )
STATE, COUNTY AND MUNICIPAL                 )
EMPLOYEES, COUNCIL 31; JENNIFER            )
RONZONE; KAREN DOWNEY; and SHARI
MOOS-MCBRIDE,
     Respondents-Appellees.

_____

JUSTICE STEIGMANN delivered the opinion of the court:

In February 2005, the Illinois Labor Relations Board,

State Panel (Board), dismissed the jointly stipulated bargaining-

unit-clarification petitions of the Illinois Department of

Central Management Services (CMS) and the American Federation of State, County, and Municipal Employees (AFSCME), which sought to exclude (1) David Suarez from the office of collective bargaining (OCB) RC-063 bargaining unit (case No. 4-05-0276) and (2) Jennifer Ronzone, Karen Downey, and Sharin Moos-McBride from the OCB RC-028 bargaining unit (case No. 4-05-0277).

CMS appeals, arguing that the Board erred by dismissing the clarification petitions in both cases. We have consolidated these cases for purposes of this appeal. We reverse and remand.

I. BACKGROUND

A. Case No. 4-05-0276

In March 2004, CMS and AFSCME filed a stipulated bargaining-unit-clarification petition with the Board, seeking to exclude David Suarez, an information systems analyst II, from the OCB RC-063 bargaining unit on the ground that Suarez was a "confidential employee." In April 2004, Suarez filed an objection to the clarification petition with the Board, arguing that (1) his position had been represented by the OCB RC-063 bargaining unit since its January 2001 creation; (2) his previous position, information systems analyst I, was covered by the same bargaining unit; and (3) the petition was motivated by "political retribution."

In October 2004, the Board's acting director granted CMS and AFSCME's stipulated petition, upon finding that Suarez was a "confidential employee" under section 3(c) of the Illinois Public Labor Relations Act (Act) (5 ILCS 315/3(c) (West 2004)).

That same month, Suarez appealed the decision of the Board's acting director.

In February 2005, the Board reversed the acting director's order and dismissed the stipulated petition. The Board did not reach the issue of whether Suarez was a confidential employee. Instead, the Board dismissed the petition, upon finding that CMS and AFSCME's petitions did not fall under any of the four situations in which a bargaining-unit-clarification petition is permitted. The Board also stated, in part, as follows:

"The State and AFSCME's assertion that they mistakenly included Suarez in RC-63 is particularly untenable in view of the fact that he has been included in the unit for eight years, the last four in his current title, and has been covered by numerous AFSCME/State collective[-]bargaining agreements during that time."

B. Case No. 4-05-0277

In July 2004, CMS and AFSCME filed a stipulated bargaining-unit-clarification petition with the Board, seeking the removal of Jennifer Ronzone, Sharin Moss-McBride, and Karen Downey from the OCB RC-028 bargaining unit on the ground that they were confidential employees. All three of the employees worked as drug screeners for the Department of Corrections. Their positions had only been included in the bargaining unit since April 2004. Later in July 2004, Moss-McBride and Downey

objected to the petition.

In October 2004, the Board's acting executive director granted the stipulated petition, upon finding that Ronzone, Moss-McBride, and Downey were confidential employees.  In so finding, the acting executive director stated as follows:

> "The rights of parties to a stable labor[-]
> relations environment outweighs the rights of
> employees in this case.  The confidential
> exclusion sought in this matter is designed
> to protect the integrity of the employer's
> labor[-]relation policies.  It is never ap-
> propriate to include statutorily excluded
> positions in a bargaining unit.  A unit clar-
> ification petition is appropriate any time
> that a party seeks to remove a statutory
> exclusion."

In February 2005, the Board reversed the decision of its acting executive director and dismissed the stipulated petition for clarification, upon concluding that "there clearly was no basis for the filing of the instant unit[-]clarification petition."  According to the Board, the bargaining-unit-clarification procedure can only properly be utilized in "four extremely limited circumstances," none of which existed in this case.

These appeals followed.

## II. ANALYSIS

### A. Bargaining-Unit-Clarification Petitions

A bargaining-unit-clarification petition is a procedure created by the Board's regulations and case law. American Federation of State, County & Municipal Employees v. Illinois State Labor Relations Board, 333 Ill. App. 3d 177, 181, 775 N.E.2d 1029, 1032 (2002). The purpose of such a petition is to provide an official determination of a bargaining unit's composition. Sedol Teachers Union v. Illinois Educational Labor Relations Board, 276 Ill. App. 3d 872, 878, 658 N.E.2d 1364, 1368 (1995). A party may appropriately file a unit-clarification petition only under limited circumstances. American Federation of State, County & Municipal Employees, 333 Ill. App. 3d at 181-82, 775 N.E.2d at 1032.

Sections 1210.170(a)(1), (a)(2), and (a)(3) of the Illinois Administrative Code (Code) provide as follows:

"(a) An exclusive representative or an employer may file a unit[-]clarification petition to clarify or amend an existing bargaining unit when:

(1) substantial changes occur in the duties and functions of an existing title, raising an issue as to the title's unit placement;

(2) an existing job title that is logically encompassed within the existing unit was inadvertently excluded by the parties at the time the unit was established; and

(3) a significant change takes place in

statutory or case law that affects the bargaining rights of employees."  80 Ill. Adm. Code §§1210.170(a)(1), (a)(2), (a)(3), as amended by 27 Ill. Reg. 7393 (amended May 1, 2003).

In addition, under Illinois case law, a party may file a unit-clarification petition when a newly created job classification has job functions similar to functions already covered in the bargaining unit.  <u>American Federation of State, County & Municipal Employees</u>, 333 Ill. App. 3d at 182, 775 N.E.2d at 1032.

B. CMS and AFSCME's Joint Request for Clarification

CMS first argues that the Board should have affirmed the executive director's decision because CMS and AFSCME had jointly requested the removal of the "confidential employees" from the respective bargaining units.  We disagree.

According to the Code, after the posting period for a stipulated unit-clarification petition ends, the Board can "approve or disapprove the unit clarification depending upon whether the amendment or clarification is consistent with the Act.  If objections have been filed, the Board shall proceed in accordance with [s]ection 1210.170(e)."  80 Ill. Adm. Code § 1210.175(c), as amended by 27 Ill. Reg. 7393 (amended May 1, 2003).  Because the affected employees in this case filed objections to the unit-clarification petitions, the Board could not have merely deferred to the parties' stipulated petitions.

˅ 6 ˅

C. The Board's Decisions To Reverse the Executive Director's
   Dismissal of the Unit-Clarification Petitions

CMS argues that the Board erred by reversing the decisions of the acting executive director and dismissing their unit-clarification petitions.  The Board responds that this court should affirm its decisions because (1) the unit-clarification petitions did not arise out of any of the four circumstances that justify the filing of such petitions; and (2) once CMS has intentionally included certain employees within a bargaining unit, it should be estopped from later seeking to remove those employees from the unit.

1. Whether a Unit-Clarification Petition May Properly Be Used
   To Sever Confidential Employees From Bargaining Units

Initially, we acknowledge that CMS's unit-clarification petitions do not fall within any of the four "limited circum-stances" under which a party may file such a petition.  However, in our view, under the unique circumstances that exist in these cases--that is, where allegedly confidential employees were improperly included in a bargaining unit--the filing of a unit-clarification petition is appropriate.

Section 3(c) of the Act defines a confidential employee as follows:

"[A]n employee who, in the regular
course of his or her duties, assists and acts
in a confidential capacity to persons who
formulate, determine, and effectuate manage-
ment policies with regard to labor relations

or who, in the regular course of his or her duties, has authorized access to information relating to the effectuation or review of the employer's collective bargaining policies."

5 ILCS 315/3(c) (West 2004).

Section 3(n) of the Act excludes confidential employees from the definition of "employees" to which the Act applies. 5 ILCS 315/3(n) (West 2004). In Chief Judge of the Circuit Court of Cook County v. American Federation of State, County & Municipal Employees, Council 31, AFL-CIO, 153 Ill. 2d 508, 523, 607 N.E.2d 182, 189 (1992), our supreme court explained this exclusion as follows:

"The purpose of excluding confidential employees is to keep employees from 'having their loyalties divided' between their employer and the bargaining unit which represents them. The employer expects confidentiality in labor[-]relations matters but the union may seek access to the confidential materials to gain a bargaining advantage. City of Wood Dale, 2 Pub. Employee Rep. (Ill.) par. 2043, at 299, No. S-RC-261 (ISLRB September 5, 1986)."

Given the importance of confidentiality in labor-relations matters, to protect both the employers and the confidential employees (who could find themselves torn between loyalty to

their employer and their bargaining unit), we hold that a unit-clarification petition may appropriately be used to sever confidential employees from a bargaining unit.

Were we to accept the Board's argument that unit-clarification petitions may only be filed under the four limited circumstances previously stated, an employer would be barred from removing a confidential employee from a bargaining unit regardless of what information that employee has access to until a new bargaining-unit contract is negotiated.

In so concluding, we recognize that the Board is not bound by the rulings of the Illinois Educational Labor Relations Board (IELRB) (see 5 ILCS 315/15.1 (West 2004)). However, we note that the IELRB has recognized that the unit-clarification process is appropriate "to remove statutorily excluded employees from a bargaining unit." Sedol Teachers Union, 276 Ill. App. 3d at 879, 658 N.E.2d at 1368. We agree with the IELRB. The Board must allow the State to file unit-clarification petitions to remove "confidential employees" from bargaining units.

### 2. Whether Equitable Estoppel Applies

The Board also argues that because CMS and AFSCME consciously chose to include the employees in their respective bargaining units, they cannot now seek to sever those employees from the units. In essence, the Board contends that the unit-clarification petitions are barred by equitable estoppel. We disagree.

In Schivarelli v. Chicago Transit Authority, 355 Ill. App. 3d 93, 103, 823

N.E.2d 158, 167 (2005), the First District discussed the equitable estoppel doctrine as follows:

> "To invoke equitable estoppel against a municipality there must be an affirmative act on the part of the municipality and the inducement of substantial reliance by the affirmative act. [Citation.] The affirmative act that prompts a party's reliance must be an act of the public body itself such as a legislative enactment rather than the unauthorized acts of a ministerial officer or a ministerial misinterpretation."

"If a municipality were held bound through equitable estoppel by an unauthorized act of a governmental employee, then the municipality would remain helpless to remedy errors and *** be forced to permit violations 'to remain in perpetuity.'" Hamwi v. Zollar, 299 Ill. App. 3d 1088, 1095, 702 N.E.2d 593, 598 (1998), quoting Chicago v. Unit One Corp., 218 Ill. App. 3d 242, 246, 578 N.E.2d 194, 197 (1991).

In this case, for estoppel to apply, CMS's conscious act of permitting the subject employees to be members of the bargaining units would need to have constituted an "act of the public body such as a legislative enactment." Under section 3(n) of the Act, confidential employees of the government are not "public employees." 5 ILCS 315/3(n) (West 2004). Accordingly, assuming the employees were confidential employees, CMS had no authority to place them in their respective bargaining units. An unauthorized act of a ministerial officer cannot be the basis for

equitable estoppel.

In addition, this court has stated that "[o]ne who invokes the doctrine of estoppel against the government must establish affirmative misconduct going beyond mere negligence, that the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage." Department of Public Health v. Jackson, 321 Ill. App. 3d 228, 236, 747 N.E.2d 474, 481 (2001).

The Board has failed to establish (1) affirmative misconduct beyond mere negligence, (2) that the government's wrongful act will cause a serious injustice, and (3) the public's interest will not suffer undue damage. Indeed, in this case, if the employees in question are found to be confidential employees, the public's interest will suffer damage if the employees (1) are allowed to stay in their respective bargaining units, (2) have access to their employer's confidential material, and (3) feel pressured to share that confidential material with their bargaining-unit representatives. We emphasize that by these remarks, we mean to indicate no position as to any findings the Board, when it conducts hearings as we require on remand, may make regarding whether the employees in question are confidential employees.

D. Timeliness of the Petition in Case No. 4-05-0276

The Board also argues that the unit-clarification petition was properly dismissed in case No. 4-05-0276 because it was untimely. We disagree.

As our supreme court recognized in <u>Chief Judge of the</u> <u>Circuit Court of Cook County</u>, 153 Ill. 2d at 523, 607 N.E.2d at 189, the State has an interest in keeping confidential employees out of bargaining units. If, at any point, the State determines that a confidential employee is a member of a bargaining unit, the State must be allowed to file a unit-clarification petition to remove that confidential employee. The fact that a confidential employee was improperly placed in a bargaining unit and the issue of his placement was not raised for several years should not dictate that he forever be allowed to stay in the bargaining unit. We thus conclude that the State can file a unit-clarification petition to remove a confidential employee from a bargaining unit at any time.

In so concluding, we note that <u>Water Pipe Extension,</u> <u>Bureau of Engineering v. Illinois Local Labor Relations Board</u>, 252 Ill. App. 3d 932, 625 N.E.2d 733 (1993), does not require a different result. In <u>Water Pipe</u>, 252 Ill. App. 3d at 941, 625 N.E.2d at 739, the appellate court affirmed the Board's decision that a unit-clarification petition was untimely filed. However, <u>Water Pipe</u> did not involve confidential employees and the unique circumstances that we previously discussed.

Accordingly, we reverse the Board's decisions. Because the Board failed to determine whether the employees in question were confidential employees under section 3(c) of the Act, we remand this case to the Board for such a determination. If the Board determines that any of the employees are confidential

employees, CMS's unit-clarification petitions should be granted with regard to each confidential employee.

## III. CONCLUSION

For the reasons stated, we reverse and remand for the Board to determine if any of the employees named in the unit-clarification petitions are "confidential employees" under section 3(c) of the Act (5 ILCS 315/3(c) (West 2004)).

Reversed and remanded.

APPLETON and KNECHT, JJ., concur.