2022 IL App (1st) 211459-U

No. 1-21-1459

Order filed December 15, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| JOAL KJARSGAARD and KATHRYN KJARSGAARD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN REILLY, AMY REILLY, J.P. BITTING, and | ) | 18 L 11552 |
| AT WORLD PROPERTIES, LLC, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | Honorable |
| (J.P. Bitting and At World Properties, LLC, | ) | Margaret A. Brennan, |
| Defendants-Appellees). | ) | Judge Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's dismissal of plaintiffs' License Act claim and the denial of their motion for leave to amend. We reverse the trial court's dismissal of plaintiffs' claims for consumer fraud, common law fraud, and negligent misrepresentation. Finally, we find that plaintiffs' challenges to the dismissal of their motion for reconsideration are rendered moot by our decision.

¶ 2    In June 2015, plaintiffs Joal and Kathryn Kjarsgaard purchased real property located in

suburban Oak Park, Illinois. The property consisted of a residential parcel improved with a single-family dwelling. Subsequent to closing, the plaintiffs filed suit against the sellers Kevin and Amy Reilly (the Reillys), the realtor J.P. Bitting (Bitting), and his employer, At World Properties, LLC (World Properties).

¶ 3    In this appeal, plaintiffs challenge the trial court's rulings granting Bitting's and World Properties' 2-619.1 motion to dismiss (735 ILCS 5/2-619.1 (West 2018)). Specifically, plaintiffs argue that the trial court erred when it determined that plaintiffs' statutory claims were barred by applicable statutes of limitations and denied plaintiffs' request to replead. Plaintiffs further challenge the court's findings that plaintiffs could not sustain their allegations of fraud and negligent misrepresentation. For the following reasons, we affirm in part and reverse in part.[1]

¶ 4                                    I. BACKGROUND

¶ 5    On June 1, 2015, plaintiffs consummated the purchase of a single-family home located at 900 N. East Avenue in Oak Park. The Reillys hired Bitting to act as their real estate agent in the marketing and sale of the property. Bitting was in turn employed by World Properties.

¶ 6    A year after the sale, plaintiffs filed suit in the municipal division of the circuit court alleging that the Reillys sold the home without disclosing that there were "leakage problems in the basement" and "material defects in the basement foundation or walls." The Reillys were the sole defendants in this action. Plaintiffs alleged that the Reillys were aware of the home's structural defects and resulting water damage, but intentionally failed to disclose the defects and damage in the Residential Real Property Disclosure Report they completed and executed prior to closing. Plaintiffs sought monetary damages and other relief stemming from the water damage.

¶ 7    The lawsuit proceeded to mandatory arbitration and an award was entered in favor of the

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

Reillys on March 23, 2018. Plaintiffs rejected the arbitration award and voluntarily dismissed their action on August 6, 2018.

¶ 8    On October 24, 2018, plaintiffs filed the complaint underlying this appeal in the law division of the circuit court. Plaintiffs sought damages similar to those requested in the municipal action, but this time, they added Bitting and World Properties as defendants.[2] Plaintiffs alleged that Bitting was as equally aware of the home's structural defects as were the Reillys, but that Bitting nevertheless intentionally misrepresented the cause and source of the leakage.

¶ 9    According to plaintiffs, during an inspection of the home, they observed water marks around a basement bedroom door frame and inquired of Bitting as to its cause. Bitting allegedly responded that the property "had experienced a one-time water entry during which water entered through a window after the gutter on the West side of the Property had collected leaves, causing overflow into a window well in the middle of the west foundation wall." Bitting purportedly added that "the Reillys had maintained the gutters carefully thereafter, and had no other issues of water entry/seepage in the basement."

¶ 10    Plaintiffs claimed that on their final inspection of the property prior to closing, they inquired about water they observed "seeping from a hole in the east basement foundation wall, which ran down the wall, under the washer/dryer units, and across the floor to a drain." According to plaintiffs, Bitting responded that Kevin Reilly told him that the water must have come from a disconnected washing machine.

¶ 11    Plaintiffs alleged that Bitting was acting within the scope of his employment when he made these misrepresentations and that World Properties benefited from his conduct by virtue of the fees it received from the sale of the home.

---

[2]Bitting and World Properties are the only defendants participating in this appeal.

¶ 12    Plaintiffs asserted five counts against Bitting and World Properties (collectively, defendants): count III - violation of the Illinois Real Estate License Act of 2000 (License Act) (225 ILCS 454/1 *et seq*. (West 2014)); count IV - common-law fraud; count V - negligent misrepresentation; count VI - violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq*. (West 2018)); and count VII - civil conspiracy.

¶ 13    Defendants filed a combined motion to dismiss the five counts pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)), citing sections 2-615 and 2-619(a)(5) of the Code (735 ILCS 5/2-615, 619(a)(5) (West 2018)). Specifically, defendants contended that the counts should be dismissed pursuant to section 2-619(a)(5) on the grounds that the claims were time-barred by applicable statutes of limitations.

¶ 14    Defendants asserted that plaintiffs were aware of the water damage prior to the June 1, 2015 closing but failed to file their claims until October 24, 2018. This was well after the expiration of the two-year statute of limitations applicable to claims arising under the License Act (225 ILCS 454/15-70(b) (West 2014)), and the three-year statute of limitations applicable to consumer fraud claims (815 ILCS 505/10a(e) (West 2016)).[3]

¶ 15    Defendants also moved to dismiss the counts pursuant to section 2-615. Defendants argued that plaintiffs failed to allege sufficient facts showing that Bitting owed a duty under the License

---

[3]Section 15-70(b) of the License Act provides in relevant part:

"(b) Any action under this Article 15 shall be forever barred unless commenced within 2 years after the person bringing the action knew or should reasonably have known of such act or omission." 225 ILCS 454/15-70(b) (West 2014).

Section 10a(e) of the Consumer Fraud Act provides in relevant part:

"(e) Any action for damages under this Section shall be forever barred unless commenced within 3 years after the cause of action accrued;" 815 ILCS 505/10a(e) (West 2018).

Act to disclose the existence of non-latent (patent) defects in the house, which would support claims for common-law or consumer fraud, negligent misrepresentation, or civil conspiracy.

¶ 16    Plaintiffs filed a response to defendants' section 2-619.1 motion to dismiss, arguing in part, that their claims were timely pursuant to the discovery rule. This rule tolls "the start of the period of limitations until the party knows or reasonably should know of the injury and knows or reasonably should know that the injury was wrongfully caused." *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 20. Plaintiffs asserted that the applicable statutes of limitations were tolled until June 2018, the month they alleged they became aware of the connections between their injuries and Bitting's misrepresentations.

¶ 17    In support of this argument, plaintiffs attached to their response an affidavit from Joal Kjarsgaard. In paragraphs 4 and 5 of the affidavit, Joal Kjarsgaard averred that his attorney informed him that during the course of discovery in the earlier lawsuit, the attorney interviewed a tenant who lived in the home while the Reillys were temporarily living abroad. According to the attorney, the interview occurred in June 2018. The tenant informed the attorney that the home's basement regularly flooded, and that this information was conveyed to Bitting, who instructed the tenant to use a "Shop-Vac" to remove the water.

¶ 18    On April 2, 2019, the trial court entered an order granting defendants' section 2-619.1 motion dismissing the counts with prejudice. Regarding count III, which alleged a violation of the License Act, the court determined that the claims were time-barred by the two-year statute of limitations set forth in section 15-70(b) of the act (225 ILCS 454/15-70(b) (West 2014)). The court held that the discovery rule did not apply to toll the running of the limitations period because plaintiffs acknowledged that they observed water damage prior to closing and therefore the defects that caused the water leakage were not latent defects.

¶ 19    In granting the motion to dismiss count IV for common-law fraud, the trial court held that plaintiffs' reliance on Bitting's alleged misrepresentations was unreasonable. The court noted that the plaintiffs admitted observing water leaking into the home's basement prior to closing, but purchased the property nonetheless.

¶ 20    In regard to count V, which alleged a claim for negligent misrepresentation, the trial court held that this claim was barred by the economic-loss doctrine (also known as the *Moorman* doctrine), which bars recovery in tort actions for solely economic losses. *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69, 91-92 (1982). The economic-loss doctrine contains an exception for negligent misrepresentations made by "one who is in the business of supplying information for the guidance of others in their business transactions." *Id*. 89. The court held that this exception did not apply because defendants were not in the business of supplying information for the guidance of others.

¶ 21    The trial court dismissed count VI for consumer fraud by applying a similar rationale used to dismiss count III. The court held that the consumer fraud claim was time-barred by the three-year statute of limitations applicable to such a claim. Further, it found that the limitations period was not tolled by the discovery rule as plaintiffs acknowledged that they observed water seeping through the basement wall prior to closing and therefore the water leakage was not a latent defect.

¶ 22    As to count VII, which alleged a civil conspiracy between the Reillys and defendants, the circuit court determined that this claim was negated by the fact that at the time Bitting allegedly made the misrepresentations, he was acting as an agent on behalf of his principal, the Reillys. The court dismissed this claim based on the general rule that an agent cannot conspire with his principal. See, *e.g.*, *Alpha School Bus Co. v. Wagner*, 391 Ill. App. 3d 722, 738 (2009) ("the general

rule is that there can be no conspiracy between a principal and an agent because the acts of an agent are considered in law to be the acts of the principal").[4]

¶ 23    Finally, the trial court granted the defendants' motion to strike paragraphs 4 through 6 of Joal Kjarsgaard's affidavit. The court determined that the statements set forth in these paragraphs were conclusory and not based on the affiant's personal knowledge and thus were inadmissible hearsay under Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013).[5]

¶ 24    Plaintiffs filed a motion to reconsider, arguing that the trial court misapplied existing law. Specifically, plaintiffs contended that reliance was not a required element of a cause of action for consumer fraud. Plaintiffs also asserted that the court misapplied existing law when it held that the discovery rule did not apply as a matter of law to the facts of the case, and by not granting them leave to amend their complaint to allege facts supporting application of the discovery rule.

¶ 25    In an order dated July 16, 2019, the trial court denied the motion to reconsider. The court noted that plaintiffs' claims pursuant to the License Act and for consumer fraud had been dismissed with prejudice on the grounds that the claims were untimely filed pursuant to the applicable statutes of limitations. The court held that, as a matter of law, the discovery rule did not apply to toll the running of the limitations periods as plaintiffs' own pleadings showed that they "noticed water

---

[4]Defendants do not contest the dismissal of this claim. Therefore, we deem the issue waived and do not address it. See, *e.g.*, M.*E.H. v. L.H.*, 283 Ill. App. 3d 241, 245 (1996); *McKenna v. Board of Trustees of the University of Illinois*, 90 Ill. App. 3d 992, 997 n. 3 (1980).

[5]Plaintiffs do not challenge that part of the circuit court's order striking paragraphs 4 through 6 of Joal Kjarsgaard's affidavit. Therefore, we deem the issue forfeited. See Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited"). Rule 191(a) provides in relevant part that:

> "Affidavits in support of and in opposition to a motion for summary judgment under section 2-1005 of the Code of Civil Procedure *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; *** shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013).

intrusion in the basement as early as June 1, 2015 and filed this lawsuit on October 24, 2018."

¶ 26    The case then proceeded against the Reillys on count I, which alleged a violation of the Illinois Residential Real Property Disclosure Act (765 ILCS 77/1 *et seq.* (West 2014)) and count II for common-law fraud. Plaintiffs eventually settled with the Reillys on September 27, 2021, and an order dismissing the action with prejudice was entered on October 12, 2021.

¶ 27    Plaintiffs filed their notice of appeal on November 9, 2021. Plaintiffs appealed the order of April 2, 2019, which granted the defendants' motion dismissing counts III through VII of the complaint with prejudice and struck paragraphs 4 through 6 of Joal Kjarsgaard's affidavit. Plaintiffs also appealed the order of July 16, 2019, denying their motion to reconsider. We have jurisdiction to consider the matters raised on appeal pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303(a)(1) (eff. July 1, 2017).

¶ 28                                    II. ANALYSIS

¶ 29    We begin our analysis with a summary of the applicable standards of review. The trial court dismissed plaintiffs' claims under the License Act and Consumer Fraud Act with prejudice pursuant to section 2-619(a)(5) of the Code on the grounds that the claims were time-barred by applicable statutes of limitations. The court dismissed plaintiffs' claims for common-law fraud, negligent misrepresentation, and civil conspiracy with prejudice pursuant to section 2-615 of the Code on the grounds that plaintiffs failed to allege sufficient facts showing that Bitting owed a duty under the License Act to disclose the existence of non-latent defects.

¶ 30    A motion to dismiss under section 2-615 challenges the legal sufficiency of a complaint based on defects apparent on its face. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). All well-pleaded facts are taken as true and reasonable inferences are drawn in favor of the plaintiff. *Id.* The critical question in reviewing a section 2-615 motion is whether the allegations

in the complaint, when construed in the light most favorable to plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Jane Doe-3 v. McLean County Unit Dist. No. 5 Bd. of Directors*, 2012 IL 112479, ¶ 16. Dismissal pursuant to section 2-615 is proper, if the pleadings when construed in the light most favorable to plaintiff, show that no set of facts can be proven that would entitle plaintiff to recover. *Leja v. Community Unit School District 300*, 2012 IL App (2d) 120156, ¶ 9.

¶ 31    "A motion brought pursuant to section 2-619 admits the legal sufficiency of the complaint, along with all well-pleaded facts and inferences drawn therefrom, but asserts an affirmative matter that avoids or defeats the claim." *Sorce v. Armstrong*, 399 Ill. App. 3d 1097, 1098 (2010). "An appeal from a section 2-619 dismissal is similar to an appeal following a grant of summary judgment." *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 254 (2004). If there is a genuine issue of material fact, the motion should be denied. *Goran v. Glieberman*, 276 Ill. App. 3d 590, 592 (1995). However, "a court cannot accept as true mere conclusions unsupported by specific facts." *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. Section 2-619(a)(5) of the Code authorizes a circuit court to dismiss a complaint if it was "not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2018). Dismissals pursuant to either section 2-615 or 2-619 are reviewed *de novo. Patrick Engineering*, 2012 IL 113148, ¶ 31.

¶ 32    The trial court also dismissed plaintiffs' motion for reconsideration. A court's decision to grant or deny a motion for reconsideration is another ruling that lies within the court's discretion and will not be disturbed absent an abuse of that discretion. *Chelkova v. Southland Corp.*, 331 Ill. App. 3d 716, 729 (2002).

¶ 33                                   A. The Discovery Rule

¶ 34    Plaintiffs contend that their License Act and Consumer Fraud Act claims were timely by

operation of the discovery rule. Our supreme court adopted the discovery rule "to ameliorate the potentially harsh effect of a mechanical application of the statute of limitations that would result in it expiring before a plaintiff even knows of his cause of action." *Henderson Square Condominium Ass'n v. LAB Townhomes, LLC*, 2015 IL 118139, ¶ 52. The discovery rule tolls the limitations period until a person "knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 415 (1981).

¶ 35    "The phrase 'wrongfully caused' does not mean knowledge of a specific defendant's negligent conduct or knowledge of the existence of a cause of action." *Young v. McKiegue*, 303 Ill. App. 3d 380, 388 (1999). Rather, our supreme court determined that a person has knowledge that an injury was wrongfully caused when he possesses "sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Knox College,* 88 Ill. 2d at 416. "At that point, under the discovery rule, the running of the limitations period commences." *Id.* "[O]nce an injured person knows or reasonably should have known both of the injury and that it was wrongfully caused, the person carries the burden to inquire further as to whether a legal remedy exists." *Scottsdale Insurance Company v. Lakeside Community Committee*, 2016 IL App (1st) 141845, ¶ 25.

¶ 36    "In most instances, the time at which a plaintiff knows or reasonably should have known both of the injury and that it was wrongfully caused will be a disputed question of fact." *Castello v. Kalis*, 352 Ill. App. 3d 736, 744 (2004). "However, where it is clear from the undisputed facts that only one conclusion can be drawn, the question may be resolved as a matter of law." *Newell v. Newell*, 406 Ill. App. 3d 1046, 1051 (2011).

¶ 37    Plaintiffs contend that their claims brought pursuant to the Consumer Fraud Act and

License Act were improperly dismissed under section 2-619 of the Code because the allegations in their pleadings raised questions of fact as to whether they knew or should have known that what Bitting told them about the source of the water infiltration was false.

¶ 38    Plaintiffs alleged that they did not discover they had claims against defendants until June 2018, when they learned that Bitting had managed the property and had personally dealt with numerous instances of basement flooding. Plaintiffs contend that Bitting's misrepresentations regarding the flooding and water damage constituted a second source of their injuries, separate and apart from the conduct of the Reillys. Plaintiffs claim that the discovery rule was applicable to the identity of Bitting as a second potential source of their injuries; a source plaintiffs claim they were unaware of until June 2018.

¶ 39    Defendants respond that plaintiffs' reliance on Bitting's hearsay statements regarding the basement flooding was unreasonable. Defendants point out that plaintiffs acknowledged observing water marks around a basement bedroom door frame during a preclosing inspection of the property. Defendants note that plaintiffs' building inspector provided plaintiffs with a home inspection report dated April 15, 2015. The inspection report listed and pictured four different areas adjacent to the side wall of the house that were sunk, improperly sloped, and retained water. The inspection report also noted that a wooden retaining wall showed "signs of considerable deterioration." In addition, defendants point out that plaintiffs acknowledged that on their final inspection of the property, they observed water "seeping from a hole in the east basement foundation wall, which ran down the wall, under the washer/dryer units, and across the floor to a drain."

¶ 40    Defendants contend that in light of plaintiffs' observations of the water marks and water seepage from the foundation wall, combined with the home inspection report, it was unreasonable

for plaintiffs to rely on the hearsay statements of Bitting as to the cause of the water infiltration, without conducting further inquiry into their accuracy.

¶ 41                        B. Commencement of Limitations Periods

¶ 42    Defendants argue that plaintiffs were aware of the water damage prior to closing on June 1, 2015, and therefore the limitations periods began running on that date. We disagree. We find that the limitations periods commenced, at the latest, on June 1, 2016, when plaintiffs filed their initial complaint against the Reillys. At this time, plaintiffs knew or reasonably should have known that what they were told about the source of the water infiltration was likely false.

¶ 43                                1. License Act

¶ 44    Taking the date of June 1, 2016, as the commencement date for the running of the applicable statutes of limitations, we find that plaintiffs' claim against defendants brought pursuant to the License Act was time-barred by the Act's two-year statute of limitations. Plaintiffs filed their License Act claim on October 24, 2018, approximately four months after the statute of limitations had expired. Therefore, the trial court did not err in dismissing this claim.

¶45                                2. Consumer Fraud Act

¶ 46    The statute of limitations for consumer fraud claims is three years (815 ILCS 505/10a(e) (West 2018)). Plaintiffs filed their consumer fraud claim on October 24, 2018, within three years of the commencement of the June 1, 2016 filing date. For these reasons, this claim was not time-barred and should not have been dismissed.

¶ 47    Defendants argue that plaintiffs' consumer fraud claim was properly dismissed as a matter of law under section 2-619 because the element of justifiable reliance is absent. Justifiable reliance is a required element for a cause of action under the Consumer Fraud Act. *Elipas Enterprises, Inc. v. Silverstein*, 243 Ill. App. 3d 230, 234-36 (1993). Reliance is justified "where the person making

the statement has inhibited plaintiff's inquires by either creating a false sense of security or blocking investigation." *Carter v. Mueller*, 120 Ill. App. 3d 314, 319 (1983).

¶ 48    Taking the allegations of plaintiffs' complaint as true, as we are obligated to do under section 2-619, we find there is an issue of fact as to whether Bitting's representations lulled plaintiffs into a false sense of security. In other words, there are disputed questions of fact as to whether plaintiffs' reliance on Bitting's hearsay statements was justified at any time prior to plaintiffs filing their complaint on October 24, 2018. It is clear that plaintiffs possessed sufficient information on June 1, 2016, to conclude that their injuries were wrongfully caused. However, it is for the trier of fact to determine whether that point occurred three years prior to plaintiffs filing their consumer fraud claim on October 24, 2018.

¶ 49    Moreover, for these same reasons, we find the trial court erred in dismissing plaintiffs' claims for common law fraud and negligent misrepresentation by concluding there was no justifiable reliance as a matter of law. In Illinois, justifiable reliance is an element of both common law fraud and negligent misrepresentation. See, *e.g.*, *Metropolitan Capital Bank & Trust v. Feiner*, 2020 IL App (1st) 190895, ¶ 38 (common law fraud); *Foster v. Alex*, 213 Ill. App. 3d 1001, 1006 (1991) (negligent misrepresentation).

¶ 50                                C. Leave to Amend Complaint

¶ 51    Plaintiffs alternatively argue that the trial court abused its discretion by denying leave to amend their complaint to allege additional facts supporting application of the discovery rule. Plaintiffs contend that the trial court "was aware that facts could have been alleged for it to consider because it had the Kjarsgaard Affidavit before it."

¶ 52    The decision to grant leave to amend a complaint rests within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent an abuse of that discretion. *I.C.S.*

*Illinois, Inc. v. Waste Management of Illinois, Inc.*, 403 Ill. App. 3d 211, 219 (2010). In determining whether the trial court abused its discretion, "this court must consider '(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified.' " *Id.* at 219-20 (quoting *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992)). "The plaintiff must meet all four factors, and 'if the proposed amendment does not state a cognizable claim, and thus, fails the first factor, courts of review will often not proceed with further analysis.' " *Id.* at 220 (quoting *Hayes Mechanical, Inc. v. First Industrial, L.P.*, 351 Ill. App. 3d 1, 7 (2004)). "Accordingly, '[w]here it is apparent even after amendment that no cause of action can be stated, leave to amend should be denied.' " *Id.* at 220 (quoting *Hayes Mechanical, Inc.*, 351 Ill. App. 3d at 7).

¶ 53 Plaintiffs cannot rely on the averments in Joal Kjarsgaard's affidavit to support their request for leave to amend their complaint. The trial court struck paragraphs 4 through 6 of the affidavit, finding that the statements set forth in these paragraphs were conclusory and not based on the affiant's personal knowledge and thus were inadmissible hearsay under Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013). As aforementioned, plaintiffs do not contest this ruling.

¶ 54 We find the trial court did not abuse its discretion in denying plaintiffs leave to amend their complaint. In addition, in light of our decision to reverse and remand the dismissal of plaintiffs' claims for consumer fraud, common law fraud, and negligent misrepresentation, we dismiss as moot plaintiffs' challenges to the trial court's dismissal of their motion for reconsideration. See, *e.g.*, *Brown v. Unichema Chemicals, Inc.*, 268 Ill. App. 3d 334, 342 (1994) (appellate court's finding that trial court erred in granting summary judgment rendered moot issue of whether trial

court erred in denying motion to reconsider).

¶ 55                                III. Conclusion

¶ 56     For the foregoing reasons, we affirm the trial court's dismissal of plaintiffs' License Act claim and the denial of their motion for leave to amend. We reverse the trial court's dismissal of plaintiffs' claims for consumer fraud, common law fraud, and negligent misrepresentation. And we find that plaintiffs' challenges to the dismissal of their motion for reconsideration are rendered moot by this decision.

¶ 57     Affirmed in part and reversed in part; cause remanded.